SOPHIE LUHRS *v.* ANNA LUHRS.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. *Benefit societies. Substitution.*—In order to entitle a substituted beneficiary to the benefit, there must be a complete substitution of beneficiaries in the form prescribed by the constitution and by-laws of the association; and, if anything remains to be done in order to complete the transaction according to such constitution and by-laws at the time of the death of the insured, there has been no substitution, and the original certificate still remains in force.

2. *Same.*—The new certificate must be completely issued by the association, and accepted by the assured, before his death.

Motion for a new trial upon exceptions, and motion for a judgment by the defendant upon a verdict directed by the court at circuit.

4. *Steckler,* for plaintiff.

*Cameron & Kropp,* for defendant.

VAN BRUNT, P. J.—There is no contradiction as to the facts developed upon the trial, and they seem to have been as follows :

That the plaintiff was the widow of one John Luhrs, and the defendant was his sister ; that the Supreme Lodge, Knights of Honor, was a benefit and charitable organization, organized under the laws of New York, doing business in such state and having property within the state ; that in or about the year 1881, Luhrs became a member of said corporation, and of the Allemania Lodge, located in the city of Brooklyn, which lodge was a branch of said corporation ; that pursuant to its regulations said corporation issued to said Luhrs a certificate that if he should be in good standing at the time of his death, upon the happening of that event, said corporation would pay out of the widows' and orphans' fund to his widow, Sophie Luhrs, the sum of $2,000, upon satisfactory evidence of his death, and the surrender of the certificate, provided that said certificate should not have been surrendered by said member as cancelled, at his request, and another certificate issued in accordance with the laws of the order ; which certificate John Luhrs accepted in writing, upon the conditions therein named.

By the constitution and by-laws of the corporation, the objects of the order were defined to be to promote benevolence and charity by establishing widows' and orphans' benefit funds, from which, on satisfactory evidence of the death of a member who has complied with all its lawful requirements, a sum not exceeding $2,000 shall be paid to such member or members of his family, or person or persons dependent upon him, as he might direct or designate by name to be paid as provided by general law. The provision in regard to the form of benefit certificates provided that every lodge should forward to the supreme reporter all applications for membership, and that each application should have the name or names of the person or persons to

whom the benefit is to be paid inserted therein, and where more than one certificate has been issued to a member, the beneficiary named in the last certificate shall alone be entitled to the benefit.

The constitution and by-laws contained also the following provisions : That a party desiring to change his beneficiary might at any time, while in good standing, surrender his certificate to his lodge, which, together with a fee of fifty cents, should be forwarded by the reporter of his lodge, under seal, to the supreme reporter, who should thereupon cancel the old certificate and issue a new one in lieu thereof to such member, payable as he shall have directed, within the limitations prescribed by the laws of the order, said surrender and direction to be made on the back of the benefit certificate surrendered, signed by the member and attested by the reporter, under seal of the lodge. On the 8th of March, 1887, the said Luhrs signed upon the back of the original certificate issued to him a surrender of the same and a direction that a new one be issued to him, payable to his sister, Anna Luhrs, the defendant.

This paper a man by the name of Meyer took and put in an envelope (whether by the direction of Luhrs, or not, does not appear), and sent it to the reporter of the Allemania lodge by mail, who received it on the ninth of March, and on the tenth of March, having attested the same, and attached the seal of his lodge thereto, he mailed the certificate to the Supreme Lodge. On the tenth of March, John Luhrs died, and on the twelfth of March, a new certificate was issued payable to Anna Luhrs, which certificate required the signature of the member accepting it upon the conditions therein named.

The plaintiff having brought an action against the Supreme Lodge, Knights of Honor, upon the original certificate, and Anna Luhrs, the defendant, having made a claim upon the substituted certificate, said Anna Luhrs was interpleaded, and she became defendant.

Upon the trial the learned court below directed a verdict for the defendant upon the substituted certificate.

The only question which it is necessary to consider upon this appeal, is whether there had been a substitution of beneficiaries under the rules and regulations of the corporation under which the insured had become a member. We think there had not, because the attempt at substitution had not been completed. It is necessary, in order that the new beneficiary should obtain rights under the attempted substitution, that such change must be made in the form subscribed by the constitution and by-laws of the association, and if anything remained to be done in order to complete the transaction according to such constitution and by-laws at the time of the death of the insured, then there has been no substitution, and the original certificate still remains in force.

It is to be observed that under the rules and regulations of the corporation, the insured has not a right to name any person whom he may please as his beneficiary. Such beneficiary must be some member of his family or person dependent upon him, and his benefaction is limited to some person or persons embraced within these two classes.

And it is further provided that the subordinate lodge must forward to the supreme reporter all applications for membership, and that each application shall contain the name or names of the person or persons to whom the benefit is to be paid inserted therein, and it follows that it is then for the supreme reporter, or the authorities of the supreme lodge, to determine as to whether the persons named as beneficiaries come within the limitations prescribed by their rules, so that a certificate could be issued. Then there is a provision that where more·than one certificate is issued, the beneficiary named in the last certificate shall alone be entitled to the benefit. In other words, where there has been a complete substitution of beneficiaries, there the last beneficiary so substituted shall be entitled to the benefit.

The provision for this substitution is explicit. The right may be exercised at any time, but it is to be done in the manner prescribed by the rules, which is that a party desiring to change his beneficiary may, at any time, while in good standing, surrender his certificate to his lodge, which, together with a fee of fifty cents, shall be forwarded by the reporter of his lodge, under seal, to the supreme reporter, who shall, thereupon, cancel the old certificate and issue a new one, in lieu thereof, to such member, payable as he shall have directed, within the limitations prescribed by the laws of the order.

It is necessary, therefore, that the supreme reporter should cancel the original certificate after it is received by him, and we can see no reason why, until that cancellation has taken place, there could not be a recall of such surrender by the member. Therefore, the cancellation in question was not a completed act at the time the insured died. The original certificate had not then been cancelled by the supreme reporter, and, in fact, had not been received by him, and the substitution was only in process of accomplishment. There is another provision which re-enforces this view, and that is, that after the supreme reporter shall have cancelled the old certificate he shall issue a new one, in lieu thereof, to such member, payable as he shall have directed, within the limitations prescribed by the laws of the order. So that after the receipt of the certificate, and the surrender and the direction, the supreme reporter has no power to act, unless the direction is within the limitations prescribed in the laws of the order.

And it is necessary, in order that the substitution shall be complete, and that the new certificate be issued to the member, that the supreme reporter should determine that fact. It cannot be issued to any one else; it must be issued to such member, and it is because of the issuance of this certificate that the right in the beneficiary arises. There is no contractual relation upon the part of the corpo-

ration to the beneficiary, until the certificate is issued to the member insured. And upon the face of the certificate it appears that it was one of the requirements of the corporation, in its method of doing business, that the party should accept the certificate upon the conditions therein named. The member could not accept after he was dead; neither could the corporation issue the certificate to him after he was dead; they could make no contract with him, nor could any rights be conferred by any paper issued by this corporation after the death of the member, and all power to act had thus been ended.

The foundation of the claim against the corporation, resting upon the issuance of this certificate, or policy, if it may be so called, and no policy having been issued to the member, or accepted by him, it is difficult to see how any rights were conferred upon the beneficiary named in this incomplete contract.

It is urged that the death of John Luhrs could not abrogate the power of appointment, by him previously executed in due form.

That may be true. But, in order that the power of appointment should be complete—in order that the substituted beneficiaries should have any claim against the corporation, it was necessary that the new certificate should be issued, such certificate being the only evidence of title which the beneficiary could possibly possess, and if before this new contract could be issued to the insured he died, the corporation had no power to issue any certificate, and, consequently, the attempted surrender was incomplete, and no rights were conferred thereby.

We think, therefore, that the exceptions should be sustained and a new trial ordered, with costs to the appellant to abide the event.

MACOMBER and BARTLETT, JJ., concur.