FRITZ GROSSMAN, Respondent, *v.* THE SUPREME LODGE OF KNIGHTS AND LADIES OF HONOR, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Evidence. Declarations.*—In order that the declarations of one whose life is insured for the benefit of another, as to his state of health, shall be admissible against the beneficiary, they must be made at a period not long prior to the examination by the insurer's physician.
2. *Same.*—Such declarations, if made after the issue of the certificate, are inadmissible.
3. *Appeal.*—An error in excluding proper evidence is cured by the subsequent admission of the same or similar evidence.
4. *Witnesses. Physician.*—A physician, who alone or in company with another physician, attended the deceased, is disqualified from testifying as to her condition.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*H. F. Lippold*, for appellant.

*Alfred Steckler*, for respondent.

BARTLETT, J.—We find no error in this record which calls for a reversal of the judgment.   The action was brought to recover $1,000 upon a certificate issued by the defendant to Mina Grossmann for the benefit of the plaintiff, her husband, in case of her death.   The certificate declared that Mina Grossmann, a member of the Oriental Lodge of the Order of Knights and Ladies of Honor, was entitled to all the rights and privileges of membership in the order and to participate in its relief fund to the amount of $1,000, which sum, at her death, should be paid to her husband, Fritz Grossmann.   The complaint alleged that on February 7, 1885, the instrument was executed and delivered for a valuable consideration to the plaintiff, for the plaintiff's benefit ; that she died on August 28, 1885, being at the time a member of the said Oriental Lodge, in good standing ; and that while she was a member thereof she did in every particular faithfully comply with all the rules, regulations and requirements of the order.   The answer alleged that Mina Grossmann was illegally admitted to membership in the order of Knights and Ladies of Honor, and also that she was guilty of a fraudulent concealment of facts, and of misrepresentations as to her health upon her medical examination preparatory to admission.   The defendant relied chiefly upon the latter defense, and sought to show that the deceased falsely answered " no" to three questions : First, as to whether she had any serious illness, local disease, or personal injury ; second, as to whether she had ever had any palpitation of the heart ; and third, as to whether she had ever undergone any surgical operation.

The proof was mainly directed to these points, and the jury found in favor of the plaintiff. No exception was taken to the main portion of the charge, and the questions requiring notice on this appeal relate solely to the exclusion of certain evidence, and the denial of the motion to dismiss the complaint or direct a verdict for the defendant.

The first ruling of which the appellant complains is the refusal of the court to admit in evidence the minutes of the meeting of the Oriental Lodge at the time Mrs. Grossmann was admitted to membership. The exclusion of these minutes was of no consequence, in view of the fact that the circumstances attending the admission of the deceased into the order were fully shown by the subsequent testimony of one Hermann Gerth, the secretary of the lodge.

The next exception argued in the brief for the appellant relates to the testimony of Charlotta List. This lady testified that she had known Mrs. Grossmann four or five years prior to her death, and remembered her being in the German Hospital, but could not say when it was, except that it was long ago. Two months after having visited her in the hospital, the witness saw Mrs. Grossman in the street, and talked with her about her health. The defendant sought to prove what Mrs. Grossman said on that occasion, but the evidence was objected to and excluded. There was no error in this ruling. The testimony of the witness indicated that the conversation to which she referred had taken place some years before Mrs. Grossman's death. She spoke of the time as " long ago," just after having said that she had known the deceased four or five years.

To render admissible the declarations of one whose life has been insured for the benefit of another, as to his state of health, made prior to the examination by the physician of the insurer, such declarations must have been made at a period not remote from the time of examination. Swift *v.* Massachusetts Mutual Life Ins. Co., 63 N. Y. 186, 191.

8

The admissions sought to be proved in the case at bar were too far distant in point of time. If, on the other hand, it is claimed that the interview occurred after the issue of the certificate, the declarations of the deceased were equally inadmissible.

The acts or declarations of a person whose life is insured for the benefit of another, where those acts or declarations occur after the policy has been issued and are not violative of any of its conditions, cannot be proved to bind the beneficiary. Fitch *v.* American Popular Ins. Co., 59 N. Y. 557, 573.

Two physicians, Dr. Joseph Noll and Dr. Gustavus Schlegel, were called by the defendant to testify as to what occurred at the German hospital when Mrs. Grossman was a patient there. Dr. Noll saw her at the hospital in the summer of 1885 in company with a Dr. Wolf, who was the attending physician. The defendant endeavored to prove by him what he then found to be the condition of the lady's health, but the court held the witness to be incompetent to testify on this subject under section 834 of the Code of Civil Procedure. The correctness of this ruling is assailed on the ground that Dr. Noll was neither the attending physician nor his assistant, and that no relation of doctor and patient existed between him and the deceased.

The testimony of the doctor as to his functions at the time he saw Mrs. Grossman, is somewhat contradictory. He said that he and Dr. Wolf made the rounds of the hospital together, and generally examined the cases together, but that he was not the physician attending Mrs. Grossmann or prescribing for her. " I went there just out of curiosity to acquire information in interesting cases," said the witness : " I went with Dr. Wolf, who was the attending physician * * * We generally tried to confirm diagnoses. I went there to find out the condition of the patient and the ailments." At the very beginning of his examination as to his competency to testify, however, the

witness had stated to the court: " I partly attended her," and near the end of his examination, he stated that when Dr. Wolf went to examine the patient, he accompanied him, " and assisted him in making the examination." He also said that he was a physician in the hospital, and had charge of the different wards with Dr. Wolf. Upon the statements of the witness to the effect that in association with Dr. Wolf, he had charge of the different wards in the hospital, that he assisted Dr. Wolf in making the particular examination, the result of which he was asked to disclose, and that he partly attended the patient, we think the court properly held that the witness was disqualified. " To bring the case within the statute," says EARL, J., in Renihan *v.* Dennin (103 N. Y. 573, 579; 4 N. Y. State Rep. 261), " it is sufficient that the person attended as a physician upon the patient, and obtained his information in that capacity."

Whether the witness was actuated by curiosity or a higher motive makes no difference. His own admission that he attended the deceased, although he qualifies the statement by the use of the adverb " partly," suffices to establish the existence of the professional relation which debars him from disclosing what he learned of her condition under the circumstances. Like question to Dr. Schlegl were also properly excluded; for this witness also said that he attended Mrs. Grossmann with another physician, although he did not have charge of her. Such attendance brought him within the disqualifications of the statute.

There was no such preponderance of evidence in the case as to require or justify its withdrawal from the jury, and the motion to dismiss the complaint or direct a verdict for the defendant was therefore properly denied.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, Ch. J., concurs.