GLADDING *v.* GLADDING *et al.*

*(Supreme Court, General Term, Third Department.   February 4, 1890.)*

1. MUTUAL BENEFIT INSURANCE—CHANGE OF BENEFICIARY.

A recital in an indorsement made by the secretary on a certificate of membership in a mutual benefit association, that, at the written request of the holder of the certificate, the beneficiary was changed from his brother to his wife, is sufficient evidence of a compliance with the by-laws of the association, which provide that a change of beneficiary may be made on the written order of the holder of the certificate, signed in the presence of two witnesses.

2. SAME—BY-LAWS.

A subsequent designation of the brother as the beneficiary in a written order, not witnessed, directing "the association," not naming any, to pay the benefits to the brother, which order the trial court found was not brought to the attention of the association until after the holder's death, is not a valid change of beneficiary, as the by-laws of the association require two witnesses to the order, and Laws N. Y. 1883, c. 175, § 18, requires the consent of the association to the change.

FISH, J., dissenting.

Appeal from circuit court, Albany county.

Action by Henry L. Gladding against the Odd-Fellows' Relief Association and another to recover the amount of a benefit arising on the death of his brother George W. Gladding, a member of the association. On affidavit showing that the fund in question was also claimed by Alice S. Gladding, wife of George W. Gladding, an order of interpleader was made, substituting her as defendant in place of the Odd-Fellows' Relief Association, the latter was discharged from liability, and the fund paid into a bank subject to the order of the court. At the trial without a jury, the court found in favor of defendant, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and FISH, JJ.

*Countryman & Du Bois,* for appellant. *J. W. Ecker,* (*Henry C. Nevitt,* of counsel,) for respondents.

LEARNED, P. J. By the original application of the deceased, he directed the benefits to be paid to Henry L. Gladding, his brother. By an indorsement on the back of the certificate, signed by the secretary of the company, dated October 15, 1886, and stated therein to be at the written request of the member, George W. Gladding, the beneficiary was changed to Alice S. Gladding, his wife. Although such written request was not produced on the trial, still this indorsement made on the certificate, which must then have been in the possession of George W., is sufficient evidence that from that time forward the benefits were to be paid to Alice S., unless some subsequent legal change should be made. The recital in this indorsement is sufficient evidence of a proper written request. The indorsement was upon the certificate itself; and that was a paper belonging to George W., and originally in his possession. Unless the beneficiary originally named had some vested rights, it would seem, on general principles, that the parties to the agreement might modify it by mutual consent.

Section 12 of the laws and regulations requires the payment to be made to wife, children, father, mother, sister, or brother of the deceased member, in the order above named, unless otherwise ordered, in writing, by the deceased member; such order to be signed in presence of two witnesses. Chapter 175, Laws 1883, by its fifth section makes all companies like the one here in question subject only to the provisions of the act, and describes such companies as "engaged in the business of life insurance on the co-operative or assessment plan." Section 18 of the act says that membership in any association transacting such business shall give the member the right, with the consent of the corporation, to change his beneficiary. The question, then, must be, did the deceased make a valid change of his beneficiary? On the 20th of May, 1887, he signed a paper directing "the association," not naming any, to pay the amount of benefits to his brother Henry L. This he acknowledged on the same day before a commissioner of deeds. There is no witness to the paper. This paper was never brought to the notice of the association until after the death of George W. Such is the finding of the court on a conflict of evidence. Of course, therefore, there was no consent of the association to the proposed change. In the case of *Hannigan* v. *Ingraham, ante,* 232, (recently decided in this court,) there was no beneficiary named, and no restriction upon the assigning of the benefit. But the present case is different. There is a beneficiary agreed upon between the assured and the association, and there is a restriction upon the assigning of the benefit. The assured, then, did not make a valid transfer of the benefit. It is urged that at the time of the attempted transfer the certificate was in the possession of Alice S., and therefore an indorsement could not be made thereon. But it would have been possible for the association to consent to the transfer, if it had chosen to do so, before the death of George W. The plaintiff urges that the secretary of the association testified that he would have consented if the original certifi

cate had been produced. But his testimony as to what he would have done under other circumstances does not show that the association did consent. It was certainly prudent to decline to consent unless the original certificate should be produced, so that the change could be stated thereon. There was, then, no change of the beneficiary made with the consent of the association; and the association was not, under this contract, liable to one who was not substituted as beneficiary with its consent.

We do not think it necessary to decide whether or not Henry L. was within the class of persons who might be beneficiaries. Nor is it important to consider the fact that, during some part of their married life, the deceased and Alice S. lived apart. Of the grounds of the separation we know nothing, nor would they be material. For about a year prior to his death they were living together, and they were so living when he was taken ill of his last sickness. That they were not together at his death was owing to the fact that Henry L. had taken to his own house the deceased at the beginning of his illness, and had prevented the wife from seeing him there. An attempted substitution of the brother as beneficiary, under these circumstances, does not commend itself to any special favor. We think that the view of the law stated in *Story* v. *Association*, 95 N. Y. 474, and in *Ireland* v. *Ireland*, 42 Hun, 212, and other cases cited by counsel, sustain the views of the learned justice who tried the case; and we have seen nothing which, as we think, militates against them. In the latter case it was held, and correctly, that, on a controversy between two claimants, the question was, to which of the two the association was legally liable. If the consent of the association was needed to give Henry L. the right to recover against it, then Alice S. may show that want of consent in this controversy. The case of *Luhrs* v. *Lodge*, 7 N. Y. Supp. 487, is not in conflict with this. Judgment should be affirmed, with costs.

FISH, J., (*dissenting.*) Ordinarily, as between the wife and the brother of a party, the wife has a stronger claim upon the bounty of her husband than his brother has. There is generally a strong presumption that a husband or father, in any enterprise which has reference to the accumulation of property during his life-time, or in providing a bounty contingent on his death, has the welfare of those in view who are nearest to him. In the case at bar the circumstances are exceptional. It is evident that the marital relation between defendant and her husband was merely nominal. Their union had not been a congenial one. They separated about a year after their marriage, and continued so for more than a dozen years, came together again during the last year of his life, and lived in the same house; but, when taken ill, instead of going home to his wife, he requested to be taken to his brother, the plaintiff. The defendant, in her testimony in her own behalf, could not give any very good reason why they separated. To use her own language: "We did live apart. That was by mutual consent. He could not afford to support me. That was the reason we separated. He said he could not make me a living. He said he would go, and I said I would go. I did not separate from him because he could not support me. I do not know exactly the reason why we separated. I never did know the reason why. I don't know to-day; no idea." These facts indicate very clearly that there was no conjugal affection between the deceased and the defendant. She was entirely indifferent to him, and he to her. In any emergency, he clung to the plaintiff, his brother. No intendment, therefore, can aid the defendant because of his marital relation. So far as the dead brother expressed himself, either by deliberate action or written declaration, the tendency was towards the plaintiff. Neither plaintiff nor defendant had any vested right in the benefits to come from the certificate of membership. It was subject at all times to change of direction by Gladding, within the rules and regulations of the association. *Luhrs* v. *Lodge*, 7 N.

Y. Supp. 487; *Sabin* v. *Lodge, etc.*, 6 N. Y. St. Rep. 151. Gladding, at the time he took out the insurance certificate, clearly did not have in view the support of his wife, or a settlement for her. For some cause that does not appear here, he desired to provide for his brother, the plaintiff, and procured it to be payable to him. This was after he had been married about 15 years. Section 12 of the laws and regulations of the company (page 15) directs to whom payment shall be made upon the death of a member, naming wife, children, father, mother, sister, or brother, in the order named, "unless otherwise ordered, in writing, by the deceased member, such order to be signed in the presence of two witnesses." If, as between these parties, those formal requirements are controlling, then Henry L. Gladding, plaintiff, being the beneficiary named, would so remain. A change of the beneficiary could be effected only by an order of the deceased in his life-time, in writing, signed in the presence of two witnesses. There is no proof in the case that any change in the beneficiary ever took place in accordance with those provisions. The defendant produced the certificate, on which was an indorsement, made by the secretary of the association on the 15th October, 1886, changing the name of the beneficiary to Alice S. Gladding, the defendant. The indorsement recites that it was done at the written request of the insured, on file in the office of the association. No written request was produced or proved. No witnesses were sworn who ever saw it. Chism, the secretary who made the indorsement, does not tell us that he ever saw such a writing; so that the only evidence of a change of beneficiary to the defendant, the wife, is the act of the secretary making such an indorsement on the certificate. This act of the secretary did not effect the change. It was the written request or direction of the assured, if there was one, which produced that end. The recital by the secretary did not prove that there ever was any such written request or direction.

It seems, however, that Gladding knew that some kind of a change in the beneficiary had been made before the time he was taken sick, as the plaintiff himself testified that when he went to the secretary of the association he told him that his brother desired to change the designation of the beneficiary back to its original condition. Thus it appears that the deceased did sign and acknowledge a writing re-establishing plaintiff as the beneficiary. It was acknowledged before a commissioner of deeds, and taken to, and shown to, the secretary of the association. The plaintiff and the secretary differ somewhat as to the language used at the time the writing was exhibited to him. They both testified that it was brought there, and exhibited to the secretary, given back to plaintiff, and he carried it away. The secretary states that the only objection he made was that the appointment of beneficiary was not accompanied by the certificate; if the certificate had been produced, he would have made the formal indorsement to the effect that plaintiff was the beneficiary. At that time the certificate was in the hands of the defendant, where neither the sick man nor his brother could get it, and the secretary was so informed; yet he adhered to his position that he could not make any entry of the change of appointment because the certificate was not produced. There was no other objection. The paper was sufficient, in other respects, to effect the change. It is not easy to see upon what grounds the executive officer of the association could refuse to recognize such a written declaration of change of beneficiary because the certificate was not produced. There was no such condition expressed in the document, or in the constitution or rules or regulations, as far as they appear. If his view of the rights of a member was correct, any person once named as beneficiary, who by any means got possession of the original certificate, could prevent any change ever being made. The member ought to be able to make any substitution, if his certificate of membership had been lost, stolen, or mislaid. As far as the evidence shows, there was no change in the beneficiary from the original designation, made in conform-

ity to the formalities required by the rules of the association. If strict compliance with those formalities was necessary, then the defendant must fail, because the certificate names the plaintiff as the beneficiary, and neither plaintiff nor defendant has shown a written appointment, signed in the presence of two witnesses. Although the secretary, at the time plaintiff presented the last written designation, refused to recognize it because the original certificate was not produced by plaintiff, yet the association does not in this action seek to avail itself of that objection. The defendant cannot raise for the corporation a defense it does not itself offer. *Luhrs* v. *Lodge,* above cited.

Considering that the association offers no defense, does not object on account of lack of form, but leaves it a question solely between these parties, it will do to hold that the reinstatement of the plaintiff as the beneficiary was good, for the purpose intended, even though it was not recognized by the secretary. The case then rests this wise: The plaintiff was the original beneficiary named in the certificate. If there had been a sufficient change to the defendant, it was competent in George W. Gladding to restore the original beneficiary; and the written declaration signed by him, and acknowledged by him before a commissioner of deeds, and certified by the commissioner, was sufficient for that purpose. The plaintiff, then, is entitled to the fund, and the judgment should be reversed.