LAURA A. STEINHAUSEN, RESPONDENT, *v.* PREFERRED MUTUAL ACCIDENT ASSOCIATION OF NEW YORK, APPELLANT.

*Mutual accident association — right of the assured at any time to change the beneficiary — competency of admissions made by the assured after the issuing of the certificate of insurance.*

In an action to recover the amount payable upon the death of one Steinhausen, under the terms of a certificate of membership in a Mutual Accident Association, brought by his wife, the beneficiary named therein, a witness called by the defendant, the Mutual Accident Association, having testified that the deceased had spoken to him about his physical ailments was asked; " What did he tell you, if anything, as to his condition?" This question was objected to, and the objection was sustained, the court ruling that "what the deceased said subsequent to the issuing of the policy was inadmissible; that after the policy was issued the rights of the beneficiary were settled and the assured had no authority to make any statement or declaration of any kind calculated to impair the contract."

*Held,* that the question was competent and should have been allowed.

That as, under section 18 of chapter 175 of the Laws of 1883, the assured had the right at any time, with the assent of the corporation, to make a change in the beneficiary without requiring his or her consent, the beneficiary had no vested interest in the certificate or the money payable thereunder.

That the provisions of chapter 80 of the Laws of 1840, relating to the right of a wife to insure the life of her husband, did not apply to an insurance like the present one.

APPEAL by the defendant, the Preferred Mutual Accident Association of New York, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 22d day of November, 1889, and also from an order denying the defendant's motion for a new trial, made upon the minutes of the judge and entered in said clerk's office on the 21st day of November, 1889, after a trial at the Oneida Circuit before the court

and a jury, at which a verdict was rendered in favor of the plaintiff for $5,169.20.

The action was brought upon a certificate of membership issued by defendant to Frank J. Steinhausen July 27, 1886. This provided that "the principal sum, represented by the payment of Three Dollars by each member of the association, as provided in the By-Laws (which sum, however, is not to exceed five thousand dollars), is to be paid to Laura A. Steinhausen (his wife), if surviving (in the event of the prior death of said beneficiaries, or any of them, said sum shall be paid as provided in the By-Laws), within sixty days after sufficient proof that said member at any time within the continuance of membership shall have sustained bodily injuries effected through external, violent and accidental means within the intent and meaning of the By-Laws of said association and the conditions hereunto annexed, and such injuries alone shall have occasioned death within ninety days from the happening thereof." The certificate also provided for the payment of certain sums to the member in case of bodily injuries disabling him from the prosecution of his business. It also provided that the benefits under the certificate should not extend to any bodily injury happening, directly or indirectly, in consequence of disease, nor to any death or disability which may have been caused wholly or in part by bodily infirmities or disease at any time.

On the 25th of January, 1889, Steinhausen met with an accident, and on the 27th of January, 1889, he died. The plaintiff claims that the accident was the sole, direct and immediate cause of the death. Steinhausen was by profession a physician, and it was so stated in the certificate.

*S. M. Lindsley*, for the appellant.

*Van Auken & Pitcher*, for the respondent.

MERWIN, J.:

We are of the opinion that the proofs in this case are sufficient to justify the submission to the jury of the questions whether the injury was the sole, direct and immediate cause of the death, and whether there was any violation of that clause of the certificate giving the

defendant the right to examine the person of the member in respect to an injury or cause of death when and so often as may be reasonably required. There are, however, some rulings upon evidence that call for more particular consideration.

Upon the trial the defendant called as a witness F. W. Klages, who, having testified that within a year of the death of Steinhausen he (Klages) spoke to him about his physical ailments, about his kidneys, was asked this question: "What did he tell you, if anything, as to his condition?" This was objected to by the plaintiff as incompetent, and objection sustained, the court ruling that "what the deceased said subsequent to the issuing of the policy was inadmissible; that after the policy was issued the rights of the beneficiary were settled, and the assured had no authority to make any statement or declaration of any kind calculated to impair the contract." The defendant duly excepted. The defendant offered to show by another witness that, upon the morning before the accident, the deceased said he was suffering from rheumatism and from kidney difficulty. To this there was the same objection, ruling and exception. Another witness, called by the defendant, having testified that upon a certain occasion he noticed that deceased had a difficulty in breathing and placed his hand on his breast, was asked the question: "Did he say anything at the time of his difficult breathing, and at the time he placed his hand on his breast; that is, at the same time and as he put his hand on his breast, did he make any statement as to his condition?" This was objected to as a declaration of the assured after the policy was issued, and the objection was sustained, and the defendant excepted.

There seems to be no doubt as to the materiality of the declarations. They were not objected to on the ground that they were immaterial. The question, then, is, whether the declarations of the member, after the issuing of the certificate, are admissible against the beneficiary.

The defendant is a domestic corporation, and within the provision of section 18 of chapter 175 of the Laws of 1883, which provides that "membership in any corporation, association or society transacting the business of life or casualty insurance, or both, upon the co-operative or assessment plan, shall give to any member thereof the right, at any time, with the consent of such corporation, associa-

tion or society, to make a change in his payee or payees, beneficiary or beneficiaries without requiring the consent of such payee or beneficiaries."

The case of *Smith* v. *National Benefit Society of New York* (51 Hun, 575) is claimed by the appellant to be in point. There the plaintiff was a creditor of one Tyler, who procured from defendant an insurance on his life, and subsequently, under a rule of the defendant, the plaintiff was substituted as beneficiary under the policy. The defense was that Tyler obtained the policy with intent to commit suicide. His declarations after the substitution, and up to his death were held to be competent, it being said that, under section 18 above referred to, the deceased had the right, with the consent of the company, to change his beneficiary from time to time without the consent of such payee or beneficiary; that "the plaintiff got no separate standing by the designation under the policy before the date of the death; before that the sole right was in Tyler. The deceased by his designation of plaintiff as beneficiary, did not make a case to exclude evidence of his declarations. He stood as owner until he died, and the plaintiff was in no better condition in respect to the policy than if the decedent's representative had brought the action." This case was affirmed by the Court of Appeals (33 N. Y. St. Rep., 67) but upon another basis. It was, however, said with reference to section 18 above referred to, "that section attaches the beneficial interest to the membership, and permits the member to change the payee or beneficiary of the insurance without the latter's consent. Where the right of the payee has no other foundation than the bare intent of the member, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect."

There are many other cases to the effect that a beneficiary in a certificate like the present has no vested interest. (*Hellenberg* v. *Dist. No.* 1, *etc.*, 94 N. Y., 585; *Luhrs* v. *Sup. Lodge, etc.*, 27 N. Y. St. Rep., 88; *Sabin* v. *Grand Lodge, etc.*, 6 id., 151; S. C., 28 id., 45; *Luhrs* v. *Luhrs*, 33 id., 688; *Masonic Mutual Benefit Soc.* v. *Burkhart*, 110 Ind., 189; *Bagley* v. *Grand Lodge, etc.*, 131 Ill., 498; *Richmond* v. *Johnson*, 28 Minn., 447.) In this respect the certificate is different from the ordinary policy of life insurance where a vested interest passes to the beneficiary, and the assured ceases to be a party

in interest. Upon this ground it was held in *Rawls* v. *American Mutual Life Insurance Company* (27 N. Y., 290), that the admissions of the assured after the issuing of the policy were not admissible, and many similar cases are cited by the respondent where this rule has been followed. The reason is said to be (*Swift* v. *Mass. Life Ins.*, 63 N. Y., 192) that after the contract of insurance is effected the subject of insurance has no such relation to the holder of the policy as gives him the power to destroy or affect it by unsworn statements. This rule does not reach this case. In *Grossman* v. *Supreme Lodge, etc.* (25 N. Y. St. Rep., 844), the same rule of inadmissibility is asserted with reference to the claim of the plaintiff, as the beneficiary in a certificate of membership in the defendant, which entitled the member to participate in its relief fund to a certain amount, which at her death should be paid to the plaintiff, her husband, and the case of *Fitch* v. *American Popular Life Insurance Company* (59 N. Y., 557) is cited. The *Fitch Case* was upon an ordinary policy. It does not appear whether the statute of 1883 was applicable to the *Grossman Case.* Apparently, the plaintiff had no vested right up to the time of the death of the member. This, however, was not considered.

It is, however, claimed by the plaintiff that, under chapter 80 of the Laws of 1840, she had a right to insure the life of her husband and have a vested interest in the policy, and that this applies to the present case. A contrary doctrine was held in *Durian* v. *The Central Verein, etc.* (7 Daly, 168); besides, the act of 1883 does not except the case of wives. We think that the act of 1840 does not help the plaintiff on this question. The insurance there referred to was not intended to cover a case like the present.

We see no escape from the conclusion that the plaintiff had no vested interest until the death of her husband, and that, therefore, his declarations were admissible the same as if the action was by his representatives. It follows that the judgment must be reversed.

HARDIN, P. J., and MARTIN, J. concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.