SARAH A. THOMAS, an Infant, by THOMAS E. SWAL-
WELL, her Guardian, Appellant, v. MARY E. THOMAS,
Respondent, Impleaded with the SUPREME COUNCIL
OF THE ORDER OF CHOSEN FRIENDS.

*Benefit society — an interlineation by a member thereof of the name of a new beneficiary
in his certificate, contrary to the by-laws, is of no effect.*

A person held a certificate of membership in a benefit society which designated
his daughter as beneficiary. After his death it was found that he had interlined
in this clause, after the name of his daughter, the words "and my wife Mary
Elizabeth Thomas."

The by-laws of the society or order prescribed the issue of a new certificate as the
only method of changing the beneficiary. Nothing was ever done to accom-
plish this purpose, on the part of the insured, of making his wife a beneficiary,
except the interlineation by him of said words in the certificate.

In a controversy between the wife and the daughter as to their respective rights in
the proceeds of the certificate:

*Held*, that the wife had no lawful claim thereto.

APPEAL by the plaintiff Sarah A. Thomas, an infant, by Thomas E.
Swalwell, her guardian, from a judgment, entered in the clerk's office
of Niagara county on the 22d day of March, 1890, adjudging that the
defendant Mary E. Thomas recover of the defendant, the Supreme
Council of the Order of Chosen Friends, $1,500, and her costs from
the plaintiff, and that the plaintiff recover of said Supreme Council
$1,500, after a trial before the court at the Niagara Circuit.

The certificate in suit was for $3,000. The Supreme Council
of the Order of Chosen Friends was a corporation incorporated in
Indiana and doing business in this State under its laws.

*W. C. Ely*, for the appellant.

*A. H. Potter*, for the respondent.

DWIGHT, P. J.:

The controversy is between the daughter and the widow of David
H. Thomas, deceased, who died holding a beneficiary certificate of
membership in the association or order, joined as defendant in this
action. The certificate as issued, in accordance with the application
of the member, designated the plaintiff, his daughter, as the sole

beneficiary. About a year after the issuance of the certificate Mr. Thomas married the defendant Mary E. Thomas, and he died about five years later. After his death there was found interlined in the certificate, in his own handwriting, after the name of the plaintiff, where she was designated as beneficiary, the words "and my wife, Mary Elizabeth Thomas." No other step had ever been taken towards effecting a revocation of his original appointment of a beneficiary, nor towards procuring the designation of a new beneficiary. No application had ever been made to the Order, defendant, for a change in such designation, nor notice given that an alteration had been made by the member in the certificate issued to him.

The by-laws of the Order of Chosen Friends prescribed, as the sole method of procuring a change of beneficiary, a surrender of the original certificate and the issuance of a new one. No offer was ever made by the member to surrender the original certificate, nor any request for the issuance of a new one. The by-law referred to was in these words: "A member in good standing may, at any time, surrender his or her Relief Fund Certificate, and a new Certificate shall thereafter be issued, payable to such person or persons as the member may direct, upon the payment of the Certificate fee of fifty cents." This regulation recognizes the certificate as the act and contract of the association by which it was issued, and clearly negatives (if that were necessary) the proposition that it is competent for any person other than its duly authorized officers to change that contract in any of its terms; or even that it is competent for its duly authorized officers to make such change, except in the mode prescribed by its laws. The rule seems to be based upon the most elementary principles applicable to contracts, but its application to the particular case of a change of beneficiary, in contracts of this nature, has been repeatedly affirmed. (*Ireland* v. *Ireland*, 42 Hun, 214; *Sanger* v. *Rothschild*, 50 id., 157; S. C., in Court of Appeals, 34 N. Y. St. Rep., 258; *Gladding* v. *Gladding*, 29 id., 485.) In the case of *Luhrs* v. *Luhrs* (24 N. Y. St. Rep., 252) the General Term of this court, in the first department, held the rule applicable in a case of great hardship, where everything to accomplish the purpose intended had been done by the member in strict accordance with the regulations of the association, and nothing remained to be done except the issuance of the new certificate by

the association, and that was prevented only by the death of the member. The Court of Appeals reversed even that judgment with hesitation, and only upon the distinct ground that nothing remained for the insured to do to accomplish a full compliance with the law of the association, and that the association had no alternative but to issue the new certificate, if only the member had lived long enough to receive it.

We regard this case of *Luhrs* v. *Luhrs*, in the Court of Appeals, as conclusive in its reasoning in favor of the contention of the appellant in this case. Here the member had done nothing which was required by the laws of the association to accomplish the change of beneficiary. He had done nothing which, under the laws of the association, authorized its officers to make the change, much less required them to do so. He had simply assumed to make the change himself in a manner equally unauthorized by the laws of the association and the law of the land.

Upon the principles thus firmly established in reason and by authority, we regard the conclusions of law of the learned court at Special Term, to the effect that the wife and daughter were joint and equal beneficiaries in the certificate in question, and each entitled to receive one-half the money secured thereby, as not warranted by the undisputed facts of the case.

The judgment, which was in accordance with those conclusions, must be reversed.

MACOMBER, J., concurred.

Judgment appealed from reversed and a new trial granted, with costs to the appellant to abide the event.