### THOMAS *v.* THOMAS *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1891.)

MUTUAL BENEFIT POLICY—CHANGE OF BENEFICIARY—BY-LAWS OF SOCIETY.

   A person holding a certificate of membership in a benefit society, which designated the holder's daughter as the beneficiary, on his second marriage inserted, immediately after the daughter's name, the words, "and my wife," and then filled up blanks on the back of the certificate making the same payable to his daughter and wife. The by-laws of the society provided that any member desiring to make a change of beneficiary should indorse the desired change on the original certificate, acknowledge the indorsement before an officer, and return the same to the society, and receive a new certificate, issued in accordance with such direction. *Held,* that the acts of the holder in the premises were insufficient, under the by-laws of the society, to affect the daughter's claim as sole beneficiary of the certificate.

Appeal from special term, Niagara county.

Action by Sarah A. Thomas against Mary E. Thomas, impleaded with the Mutual Aid & Accident Association. For a statement of facts, see *Thomas v. Thomas*, 15 N. Y. Supp. 15. From a judgment for defendants, Mary E. Thomas, plaintiff, appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*W. C. Ely*, for appellant. *A. H. Potter*, for respondents.

DWIGHT, P. J. This case is controlled by the same principles which governed the decision at this term in the case of the same plaintiff against the same defendant Thomas, impleaded with the Order of Chosen Friends. 15 N. Y. Supp. 15. In this case, as in that, the by-laws of the association required, for the purpose of a change of beneficiary, that the existing certificate should be surrendered, and a new one issued; but in this case fuller details were prescribed of the proceedings necessary in making such surrender. The provision was as follows: "Article 8. Sec. 2. Every member shall designate in his application some person or persons to whom the money shall be paid in the event of his death, and is authorized to make such change of beneficiary from time to time as he may desire, for which change he shall pay to the association the sum of fifty cents. Any member desiring to make a change in his beneficiary shall return to the association his original certificate of membership, with written directions for such change attached or indorsed thereon, signed by such member, and duly acknowledged before some officer authorized by law to take acknowledgments, in which case the secretary shall record the same, and issue a new certificate of membership in accordance with such direction, in place of such original certificate, which shall thereupon be surrendered to the association, and become null and void." In this case the member held two certificates in two classes, A and B. There were printed on the back of each certificate blank forms in the following words:

"I, ———, to whom the within certificate was issued, do hereby revoke my former direction as to the payment of the beneficiary due at my death, and direct such payment to be made to ———, having relationship to me of ———. Witness my hand and seal this ——— day of ———, 188—.

"——————— [L. S.]

"This instrument must in all cases be acknowledged before a notary public or other officer authorized to take acknowledgments.

"*State of* ———, *County of* ———, *ss.:* On this ——— day of ———, in the year one thousand eight hundred and ———, before me, the subscriber, personally came ———, to me known to be the person who executed this instrument, and said ——— acknowledged that he executed the same.

"———————,
[Official Character.]"

After the death of Mr. Thomas, there was found, in each of the certificates, the same interlineation as in the former case, of the name of his wife after that of his daughter as beneficiary, in the body of the certificate; also that on both of the certificates he had filled the blanks in the first form by inserting his own name in the first blank, the names of his wife and daughter in the second, and their several relationships in the third; that to this form, in the case of the certificate in class B, he had attached his signature, with the date of June 15, 1882, but that the same form on the other certificate (in class A) was never signed, and that in both the certificates the form of acknowledgment was left in blank. As in the former case no offer was made by the member to surrender the old certificates, nor any request that the association issue new ones. No application was made for a change in the designation of the beneficiary, nor notice that the member had assumed to make an alteration in the certificates in respect to such designation. The fact that the member pursued, to a certain extent, the formalities prescribed by the regulations,

as preliminary to a surrender of his certificates and the application for new ones, does not take the case out of the rule discussed and applied in the former case. The judgment appealed from, which was the same as in the former case, must be reversed. Judgment reversed, and a new trial granted, with costs to the appellant to abide the event.