83h 320
50ad365

ELLA TERWILLIGER, Respondent, *v.* INDUSTRIAL BENEFIT ASSOCIA-
TION, Appellant.

*Declarations of a decedent — when admissible in evidence — action on a life insur-
ance policy — declarations of a person as to his age, competent, however
remote.*

The declarations of a testator or intestate binding him, or impairing his estate,
may be given in evidence against his personal representatives in all cases where
they would have been competent against himself if he had been living and a
party to the action.

Where the declarations of a decedent as to his age are competent evidence and
are received on behalf of the plaintiff, upon the trial of an action brought to
recover the amount of two certificates of membership in a life insurance associa-
tion, his declarations are also competent in favor of the defendant in such action
(although it may be shown that the interest of the plaintiff had become vested
in the certificates of insurance during the life of the deceased), provided the
declarations were made prior to the time when the plaintiff's interest in such
certificates vested; the rights of the insurer cannot be changed by the subse-
quent vesting in the beneficiary of the title to the certificates of insurance.

The declaration of a person as to his age cannot be too remote in time from the
transaction to be admissible in evidence, as he can never change the date of his
birth.

APPEAL by the defendant, the Industrial Benefit Association,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Cayuga on the
11th day of May, 1894, upon the verdict of a jury rendered after a
trial at the Cayuga Circuit, with notice of an intention to bring up
for review upon such appeal an order made at the Cayuga Circuit
on the 10th day of May, 1894, and entered in said clerk's office,
denying the defendant's motion for a new trial made upon the
minutes.

*Walter S. MacGregor*, for the appellant.

*Frank S. Coburn*, for the respondent.

HAIGHT, J. :

This action was brought to recover the amount due upon two cer-
tificates of membership issued by the defendant to Michael Daly in
his lifetime, in which the plaintiff was named as the beneficiary.

The answer, among other things, alleged that the application for said certificates made by Daly contained false answers with reference to his bodily condition and health and as to his age. The only question which we here feel called upon to consider is that pertaining to his age. In his first application for membership, made in March, 1891, he stated the date of his birth to have been January 12,.1826, and his age at his next birthday as sixty-five. In his second application, made on the 6th day of January, 1892, he gave the date of his birth as February 8, 1827, and his age at his next birthday as sixty-five. He died December 5, 1892.

Upon the trial Thomas J. Bell was sworn as a witness for the defendant, and testified that he knew Daly, who applied to him to make out an application for his admission to the Soldiers' Home in Bath. A paper was shown to witness which he identified as the one made out by him on the 18th day of May, 1881; that witness put the questions to Daly which were set down in the paper; that he answered them, and that the witness set down the answers correctly as he gave them; that after the paper had been completed Daly signed the same by making his mark, and swore to the truth of the paper before witness. The paper was then offered in evidence. It was objected to by the plaintiff as too remote and as immaterial and incompetent. The counsel for the defendant then offered to show that on the 18th day of May, 1881, Daly made application for admission to the Soldiers' Home under oath, in which he stated his age at that time to be sixty-seven years. The evidence was excluded and an exception was taken by the defendant. We think this evidence was competent. The declarations of a testator or intestate binding him, or impairing his estate, may be given in evidence against his personal representatives in all cases where they would have been competent against himself if he had been living and a party to the action. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420; *Steinhausen* v. *Pref. Mut. Ac. Assn.*, 59 Hun, 336.)

It is contended on behalf of the respondent that this rule has no application for the reason that her interest in the certificates had become vested and that it could not be impeached by the declarations of the deceased. The evidence upon this subject is very meager. The plaintiff, in her testimony, tells of having a conver-

sation with an agent of the defendant in the presence of her father in reference to the second application for membership; that the agent had advised her father to take out another policy and that her father spoke to her and said, " If I would pay the premium on the second as I did on the first he would allow me to have another policy, and I agreed to it." She further testified that she paid all the premiums on each of the certificates and had possession of both from the time they were delivered to her. There may be some question as to whether this evidence is sufficient to establish a vested interest in her, but assuming that it is, we are still inclined to the opinion that the evidence rejected was competent.

The plaintiff herself in sustaining the correctness of the statements of her father in the application for membership resorted to his declarations as to his age. She stated that he was born in Ireland, and that there was no record of his birth that she had been able to find; that she had corresponded with the parish priest where he had lived and was unable to find any register of the date of his birth; that she knew of his age by repute and that he was born on the 12th of January, 1826. She then called her brother, William Daly, and he testified that his father was born in 1826 as near as he could recollect from what his father had told him.

If the declarations of the deceased were competent as evidence for the plaintiff we fail to see why they were not also competent for the defendant. The paper in which it is claimed the deceased had given his age, we think, may be regarded as an official document. It appears to have been under oath and was an application for his admission to a public institution. As we have seen, there was no record of his birth known to his family.

Greenleaf in his work on Evidence (Vol. 1, § 104) says, in reference to birth, death and marriage that " The term *pedigree,* however, embraces not only descent and relationship, but also the facts of birth, marriage and death and the time when these events happened. These facts, therefore, may be proved in the manner above mentioned in all cases where they occur incidentally and in relation to pedigree. Thus, an entry by a deceased parent, or other relative, made in a Bible, family missal, or any other book or in any document or paper stating the fact and date of the birth, marriage or death of a child, or other relative, is regarded as a declaration of

such parent or relative in the matter of pedigree.   So also the correspondence of deceased members of the family, recitals in family deeds, such as marriage settlements, descriptions in wills and other solemn acts, are original evidence in all cases where the oral declarations of the parties are admissible."   (See, also, §§ 103, 105.)

In *Hurst* v. *Jones* (1 Wall. Jr. 373) it was held that the contents of affidavits made *ex parte* several years before, to prove pedigree, are admissible.   (See, also, *Swift* v. *The Mass. Mut. Life Ins. Co.*, 63 N. Y. 186–193.)

The plaintiff's interest did not vest until the delivery of the certificates to her and the payment by her of the premiums due thereon. She had no interest at the time the applications were signed by her father, or at the time the certificates were issued by the association, and its rights could not be changed by the subsequent vesting of her interest.

As to the declarations thereafter made by her father the rule may be different.   (*Rawls* v. *The Am. Mut. Life Ins. Co.*, 27 N. Y. 282–290; *Fitch* v. *Am. Pop. Life Ins. Co.*, 59 id. 557–573; *Smith* v. *N. B. Society*, 123 id. 85–88; *Grossman* v. *Supreme Lodge of Knights & Ladies of Honor*, 6 N. Y. Supp. 821.)

Where the prior statements have reference to health they should not be remote in time from the transaction.   A person afflicted with disease may recover and his prior statements in reference thereto pass from his mind, but, we think, declarations in reference to age are different.   A person can never change the date of his birth.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not voting.

Judgment and order appealed from reversed and new trial granted, with costs to abide the event.