(30 Misc. Rep. 303.)

## DE CRANO v. MOORE.

(Supreme Court, Special Term, New York County.　January, 1900.)

1. DEVISEES—LIABILITY FOR DEBTS—ACTIONS—FORUM.
    The supreme court is the proper forum in which to sue devisees for the debts of their testator, as authorized by Code Civ. Proc. § 1843.

2. SAME—PARTIES—ADMINISTRATOR—DEVISEE.
    Under Code Civ. Proc. § 1815, authorizing suits against an administrator personally and in his representative capacity, a person who is the sole administrator of an estate, and the sole devisee of the real estate, may be sued in his personal and representative capacities, in an action on an indebtedness of the testator, in which it is sought to charge the personal estate, and to hold the real estate descended to the devisee for any deficiency.

3. SAME—ACTION AGAINST DEVISEE AND ADMINISTRATOR.
    Where the sole administratrix of an estate is also the sole devisee of testator's real estate, an action may be brought against her, in an individual capacity, to recover on a debt of the testator, without showing that the personal estate of the decedent has been exhausted, as required in actions against devisees authorized by Code Civ. Proc. §§ 1848, 1849, as section 1860 provides that a recovery may be had against a person who is secondarily liable as devisee, after property held by such person as administrator has been exhausted, without showing that such property has been exhausted.

4. SAME—PRINCIPAL AND AGENT—INTEREST—PRESUMPTION.
    Where an agent invested the money of his principal at a certain rate of interest, and it is not shown that the rate was ever changed, the principal may recover of the agent's devisee the original sum, with interest at that rate, as it will be presumed that the money continued to earn the same interest.

Action by Mary A. De Crano against Marie Louise Moore, individually and as administratrix of the estate of Gideon E. Moore, deceased.　Judgment for plaintiff.

Howland & Murray, for plaintiff.
Whalen & Dunn, for defendant.

SCOTT, J.　This is an action to charge the real estate of which Gideon E. Moore died seised with an indebtedness due from him to the plaintiff, who is his sister.　Gideon E. Moore died on or about the 13th day of April, 1895, leaving a last will and testament, which was duly admitted to probate on or about the 24th day of June, 1895; and letters of administration, with the will annexed, were issued to the defendant on September 4, 1895.　To the defendant, the testator's wife, was bequeathed and devised all his estate, real and personal, and she entered into possession thereof.　Included in the estate thus devised to her were the pieces of real estate described in the complaint.　She has never filed an inventory as administratrix, nor advertised for creditors to present claims to her, nor filed any account.　It appears from a statement of account made out by Gideon E. Moore, in his own handwriting, that on March 31, 1890, he had in his possession the sum of $8,640.45 belonging to the plaintiff.　Other statements of account and letters to the plaintiff and her mother indicate that plaintiff's money had been invested by the decedent in his own name in such manner that it was producing interest at the rate of 5 per cent. per annum.

These letters and accounts are competent evidence, and satisfactorily establish the fact of decedent's indebtedness to plaintiff on May 1, 1890. Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N. E. 651; Terwilliger v. Association, 83 Hun, 320, 31 N. Y. Supp. 938. The plaintiff testifies that no part of this indebtedness, or the income thereof, has been paid to her; and the defendant does not offer any evidence, either from decedent's books or otherwise, to disprove the fact of the indebtedness. Section 1843 of the Code of Civil Procedure authorizes an action of this kind to enforce, as against the heirs and devisees of a testator, debts of the decedent arising by simple contract or by specialty. Such an action, although now regulated by the Code, is one of equitable cognizance. Wood v. Wood, 26 Barb. 361; Mortimer v. Chambers, 63 Hun, 335, 17 N. Y. Supp. 874. The defendant's contention that relief has been sought in the wrong forum cannot, therefore, prevail.

It is objected, however, that the action cannot be maintained against the defendant both individually and in her representative capacity, and that an administrator or executor cannot be joined as defendant in an action to charge real estate in the hands of a devisee. It is further objected to the maintenance of the action against the defendant individually that it is not shown that the plaintiff has exhausted her remedy against the testator's personal estate, but, on the contrary, it affirmatively appears that there are personal assets in the hands of the defendant, as administratrix, applicable to the payment in whole or in part of the plaintiff's claim. If the defendant was not at once the sole administratrix of the estate and the sole devisee of the real estate, these objections would be fatal to the plaintiff's recovery. As it is, however, the action can, I think, be maintained in its present form. The complaint sets up a single cause of action for the recovery of the debt due from the testator to the plaintiff. It is sought to recover this amount from the defendant in her representative capacity, to the extent that the personal property in her hands may suffice to pay the claim, and, as to any remainder, to recover it out of the real estate which passed to her individually, as sole devisee. Under such circumstances, section 1815 of the Code of Civil Procedure expressly authorizes an action against an executor or administrator personally, and also in his or her representative capacity. The other objections are answered by section 1860. Sections 1848 and 1849 provide that, to maintain an action of this character against devisees, the plaintiff must show that the decedent's assets, if any, within this state, were not sufficient to pay the plaintiff's debt, in addition to the expenses of administration and debts of a prior class, or that the plaintiff has been unable, or will be unable, with due diligence, to collect his debt by proceedings in the proper surrogate's court, and by action against the executor or administrator and against the surviving husband or wife, legatees, and next of kin, and that the plaintiff has been unable, or will be unable, to collect his debt by an action against the heirs. In short, the plaintiff must show that he has exhausted his remedy against the personal property, or that to pursue such remedy would be futile. In the present

case there appears to be personal property, of somewhat uncertain value, in the hands of the defendant as administratrix, against which the plaintiff has not exhausted her remedy. Of course, it would be useless to pursue decedent's heirs at law or next of kin, because by his will his entire estate is given away from them to his wife. Section 1860 provides as follows:

"Where a person, who takes real property of a decedent by devise, and also by descent; * * * or who is executor or administrator, and also takes in either of the before-mentioned capacities; would be liable, in one capacity, for a demand against the decedent, after the exhaustion of the remedy against him in another capacity; the plaintiff in any action to charge him, which can be maintained, without joining with him any other person, except a person whose liability is in all respects the same, may recover any sum, for which he is liable, although the remedy against him in another capacity was not exhausted."

This section precisely fits the case presented here. The defendant has taken the real property of the decedent by devise, and is also administratrix with the will annexed of his estate. As sole devisee, she is liable for the plaintiff's demand; being for an indebtedness which accrued before his death. After the exhaustion of the remedy against her as administratrix, this action to charge her as devisee can be maintained without joining any other person, because she is sole administratrix and sole devisee. Hence the plea that the remedy against her as administratrix has not been exhausted is not available as an answer to the present action. I think that plaintiff is entitled to judgment for the sum of $8,640.45, with interest from March 31, 1890. It is fairly inferable from the evidence that it was with the plaintiff's consent that the decedent invested her money for her. In the letter of April 25, 1890, read in evidence by the plaintiff, it appears that the money was then earning interest at the rate of 5 per cent. per annum. It does not appear whether or not the decedent or this defendant ever changed the investment, and, in the absence of proof upon the subject, it may be presumed that the money has continued to earn that rate of interest. There may be circumstances which would justify charging the defendant with the full legal rate of interest from the date of the decedent's death, but these circumstances do not now appear, and could only be ascertained upon an accounting. I understand that the parties do not desire to assume the expense that such an accounting would involve. The plaintiff may therefore take a judgment against the defendant, individually and as administratrix, etc., for $8,640.45, with interest thereon at the rate of 5 per cent. per annum from March 31, 1890, to be collected out of the assets in the hands of the defendant as administratrix with the will annexed, and out of the real property devised to her by the decedent, with costs, and an extra allowance of $375. Ordered accordingly.