82   351
s182s 27

## Polish Roman Catholic Union v. Anna Warczak.

1. QUESTIONS OF LAW—*Not To Be Submitted to a Jury.*—Where the evidence in behalf of both parties shows that the material allegations of both parties are uncontroverted, issues of law only are left to be disposed of by the court.

2. BENEFICIARY SOCIETIES—*Constitution a Part of the Cantract.*— Where a beneficiary society is made up of subordinate societies, the constitution of the principal society becomes a part of a member's contract of insurance so far, at least, as his rights are based on his membership in the principal society.

3. SAME—*Forfeiture of Membership.*—Until a member is in default he can not be suspended or his rights forfeited. It is incumbent upon the association to prove that unpaid assessments were legally made and due, in accordance with the constitution of the branch society, before he can be rightfully suspended.

Assumpsit, on a beneficiary certificate. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed April 17, 1899.

CZARNECKI & KORALESKI, attorneys for appellant.

When the constitution of a beneficiary association provides for the existence of a body composed of supreme, intermediate and subordinate bodies, analogous to the existing form of our government and the individual members appear and act in a dual or triple character, courts of justice have

been sorely pressed and puzzled, and there appears considerable variance between the final adjudications in the various States of our Union. Yet from all this there have been evolved some well settled principles, and for the purposes of this suit it is deemed proper that a few applicable to the case at bar be here enumerated.

Benefit societies in law are mutual life insurance companies. Ass'n v. Robinson, 147 Ill. 138; Erdmann v. Mut. Ins. Co., 44 Wis. 376.

Their certificates or contracts are insurance contracts (Comm. v. Wetherbee, 105 Mass. 149, Bacon, par. 162), and are to be interpreted as other insurance contracts. Cluff v. Mut. B. L. Ins. Co., 99 Mass. 325; Wiggins v. K. of Pythias, 31 Fed. Rep. 124.

While the scheme of organization provides for supreme, intermediate and subordinate bodies the membership forms but one body. Saunders v. Robinson, 10 N. E. Rep. 815.

The rights and powers of the officers and members of the associations or lodges, superior or subordinate, are regulated by their articles of association or constitution and by-laws, which constitute the contract of the members with the society and each other, and by the provisions of which they undertake to be bound. Bacon on Benefit Societies, 2d edition, page 107, note 2, page 145, and cases cited.

The by-laws of a society are binding upon all members, and all are conclusively presumed to know them. Bauer v. Sampson Lodge, 102 Ind. 262; Life Ins. Co. v. Foote, 79 Ill. 362; Wash v. Johnson, 95 Ill. 248; Angell & Ames on Corp. 359.

The contract (which is one of insurance) is to be found in the certificate, if one is issued, the articles of association, charter and by-laws, and the statutes of the State of the domicile of the corporation. Mass., etc., Ben. Soc. v. Burkhart, 110 Ind. 192, citing cases; Alexander v. Parker, 144 Ill. 355; Eastman v. Provident M. Relief Ass'n, 62 N. H. 553; Van Bibber v. Van Bibber, 82 Ky. 350; Splawn v.

Chew, 60 Texas. 533; McMurry v. Sup. L., etc., 20 Fed. Rep. 107.

1.   That officers of benefit societies are special agents, see Bacon, par. 127–145, 2d Ed., p. 206–231; that the articles of association define and limit their power and duties (Herndon v. Triple Alliance, 45 M. A. 426), and when so defined by articles of association the scope of the agent's powers must always be considered as disclosed, see Morawetz on Corp., par. 580–591; Story on Agency; and that such limitation must be known to the member, see Hellenberg v. District No. 1, 94 N. Y. 580; Eastman v. Providence, etc., Asso., 62 N. H. 555; Morawetz on Corp.; Bacon, p. 206.

2.   Subordinate societies may be principals in certain transactions, and agents in others, and so are governed by different rules as they act in one capacity or the other. Supreme Lodge A. O. U. W. v. Zuhlke, 129 Ill. 288.

3.   Officers of a mutual insurance or fraternal beneficiary society, being special agents, can not waive the by-laws, especially where these relate to the substance and essence of the contract.   McCoy v. Rom. Cath., etc., Co., 25 N. E. Rep. 289; Bacon on Benefit Societies, Note 3, page 218, Vol. 1; Swett v. Society, 7 Atl. Rep. 394; Brewer v. Chelsea Ins. Co., 14 Gray, 209; Lyon v. Supr. Assembly, etc., 26 N. E. Rep. 236.

And if he acts in a manner not authorized by the articles of association his acts will not be binding.   Morawetz on Corp., p. 582.

Prompt payment or time is of the essence of the contract. Kellner v. Mut. L. Ins. Co., 43 Fed. 623; Richardson v. Mut. L. Ins. Co., 18 S. W. Rep. 165; Bacon on Benefit Societies, 2d Ed. Note, page 702.

4.   Subordinate societies can not waive the requirements of the laws of the order in regard to assessments or other essential contractual matters.   Gr. L. A. O. U. W. v. Jesse, 50 Ill. App. 101; Borgraefe v. S. L. K. of H., 22 Mo. App. 127; Lyon v. Supreme Assembly, etc., 26 N. E. Rep. 236.

5.   Officers of the subordinate lodges are special agents

whose authority is defined in the laws of the society, and as this authority is equally well known to the member and the officer, acts beyond the power of the latter will not bind the superior. Harvey v. G. L., A. O. U. W., 50 Mo. App. 472; Sup. L. K. of H. v. Keener, 26 S. W. Rep. 1084.

The general doctrine of waiver and estoppel applies to mutual or fraternal insurance contracts. Bacon, par. 148, 2d Ed. p. 237; Borgraefe v. K. of Honor, 22 Mo. App. 127; Karcher v. S. Lodge, 137 Mass. 368; Hall v. S. Lodge, 24 Fed. Rep. 450; Rood v. Railway, etc., Ass'n, 31 Fed. 62.

The contract of a mutual benefit society is a unilateral contract, and if a failure to pay assessments promptly creates a forfeiture, such forfeiture is self-executing, 71 Ill. App. 366, 174 Ill. 279; Lehman v. Clark, 51 N. E. Rep. 222.

James H. Westcott, Jr., attorney for appellee, contends that the following are well settled principles of law, governing benefit societies.

Suspensions, expulsions and forfeitures must be made in accordance with the constitution or by-laws of the defendant union or its subordinate societies. High Court v. Zak, 136 Ill. 190, citing Society v. Weatherby, 75 Ala. 248; Dolan v. Court G. M., 128 Mass. 439; Olery v. Brown, 51 Howard Pr. (N. Y.) 92.

A certificate of membership in the union makes a *prima facie* case, and where the defendant denies the good standing of a member at his death, it has the burden of proving the fact. Railway Con. Mutual Aid and Benefit Association v. Loomis, 43 Ill. App. 599; Order of Chosen Friends v. Austerlitz, 75 Ill. App. 74; High Court v. Zak, 136 Ill. 190; Bacon on Benefit Societies, Sec. 414; N. W. Traveling Men's Ass'n v. Schauss, 148 Ill. 308.

The loss of good standing must be shown by the minutes, proceeding, or record of the defendant, and not by the oral statements of the members or officers. High Court v. Zak, 136 Ill. 190; Society v. Weatherby, 75 Ala. 248.

The defendant society must prove that assessments were

made, and also that they were made in accordance with its constitution or by-laws, before they can suspend. Order Chosen Friends v. Austerlitz, 75 Ill. App. 74; Shea v. Mass. Ben. Ass'n, 160 Mass. 289.

The defendant must further prove, in order to make a suspension, expulsion, or forfeiture binding and legal, that it gave the member notice as provided in the by-laws or constitution. Mueller v. U. S. M. A. Ass'n, 51 Ill. App. 40; Supreme Lodge v. Dalberg, 37 Ill. App. 145; 138 Ill. 508; Supreme Lodge v. Zuhlke, 30 Ill. App. 102; Gregir v. Mc-Lin, 78 Ky. 232; Scheu v. Grand Lodge, 17 Fed. Rep. 214.

And notice in some form is necessary, though the by-laws and constitution make no provision for notice, and it must be personal. Ry. Cond. Mut. A. & B. Ass'n v. Loomis, 43 Ill. App. 599; N. W. Trav. Men's Ass'n v. Schauss, 148 Ill. 304.

A strict construction is always made of all provisions for forfeitures, and the one who insists on it must make clear proof thereof. Order Chosen Friends v. Austerlitz, 75 Ill. App. 74;. Sup. Lodge v. Abbott, 82 Ind. 1; Folmer's Appeal, 87 Pa. St. 133.

When assessments are duly paid to the proper local officer, it makes no difference to the rights of the member or the beneficiary that the money is not remitted to the Grand Lodge. Brotherhood of R. R. Brakeman v. Knowles, 39 Ill. App. 47.

When defendant denies liability, there is no need of proof of death being made by the plaintiff. Met. Safety Fund Acc. Ass'n v. Windover, 137 Ill. 417; Suppiger v. Cov. Mut. B. Association, 20 Ill. App. 595; New Home L. Ass'n v. Hagler, 23 Ill. App. 460.

Receipt of dues after knowledge that the condition of the policy had been broken would amount to a waiver of the condition. N. W. Mut. Life Ins. Co. v. Amerman, 119 Ill. 331; Com. Ins. Co. v. Spankneble, 52 Ill. 53; Reaper 'Ins. Co. v. Jones, 62 Ill. 458; Lycoming Ins. Co. v. Barringer, 73 Ill. 230.

When the grand lodge has no method for the expulsion,

suspension or forfeiture of a delinquent member in its constitution or by-laws, but controls societies as societies, then the subordinate society has control of the suspension, expulsion or forfeiture of their members, and the society must act according to its constitution or by-laws, and if it does not, the expulsion, suspension or forfeiture is illegal and not binding on either the members or his beneficiary. District Grand Lodge v. Cohn, 20 Ill. App. 335.

Mr. Presiding Justice Windes delivered the opinion of the court.

Numerous alleged errors as to admission and exclusion of evidence, remarks of the court during the trial, refusal of instructions, and that the verdict is against the evidence, are ably and exhaustively argued by appellant's counsel, but we are relieved from their discussion in this opinion by a statement of appellant's counsel in their brief, viz.:

· "The evidence in behalf of both parties shows that the material allegations of both parties were uncontradicted and uncontroverted, and when both sides rested, issues of law, not of fact, were left to be disposed of and the court erred in not taking the cause from the jury and instructing them to find the issues for the defendant."

A careful consideration of the record as presented by the abstract also leads us to the conclusion that it only presents for consideration a question of law, viz.: Was the plaintiff entitled to recover or not? and that this should have been determined by the learned trial court, and not submitted to the jury, as it was.

Appellant was, on and prior to April 18, 1894, a fraternal and benevolent society, not for profit, incorporated under the laws of this State, and made up of subordinate or branch societies, which were also incorporated, including branch No. 147, known as St. Adelbert Society, of which Thomas Warczak was a member as No. 20 thereof, and in good standing prior and up to April, 1896. April 18, 1894, appellant issued a certificate or statement to said Warczak, to the effect, in substance, that on compliance with articles 13, 14, 16 to 20 of its constitution, he was entitled to all bene-

fits and relief which should arise for each member of the death treasury of appellant.

The constitution of appellant contains, among others, the following provisions, viz.:

## "Art. V.

### JOINING THE UNION.

Sec. 1.   Any Polish Roman Catholic society having its own constitution and charter may become a part of the Union.

Sec. 2.   A society intending to join the Union shall make an application to the secretary of the said Union and together with it send a copy of its constitution as approved by its rector."

(Also other matters not here material.)

Also " Art. 6, Sec. 4.   When a society upon being notified by the general secretary to pay its dues, fails to do so, it loses all its privileges to the Union unless this disability be due to some unavoidable and unforeseen occurrence which harms all its members."

## "Art. XIV.

### REGULATIONS PERTAINING TO THE MORTUARY REPORT.

Sec. 1.   Funds of the Union are made up — (stating how).

Sec. 2.   Societies consisting of no less than ten regular members and a collector may belong to the mortuary fund of the Union.

Sec. 3.   The Union has no transactions with individual persons, but only through the societies to which they belong.

Sec. 8.   In case of the death of a regular member, the mortuary fee amounts to $600, and in case of death of the wife of a member the mortuary fee amounts to $300, which amount the management of the Union shall pay to the widow, widower, children or relatives of the deceased, as the case may be, within sixty days of making the application to the Union.

Sec. 10.   A society which shall not pay the amount assessed upon it within thirty days from receiving the notice from the general secretary, shall forfeit all rights to the mortuary fee.

Sec. 12.   Any one belonging to more than one society of the Union can be recorded and belong only with one

society to the Union, and shall only pay its necessary assessments and only from this one, pay the annual tax of twenty-five cents.

Sec. 13. Each society pays the monthly assessments which are levied upon it *pro rata.*"

\*        \*        \*        \*        \*        \*

"Suggestions: The societies should send through their delegate, their receipts of money paid to the Union."

\*        \*        \*        \*        \*        \*        \*

## "ART. XV.

### DUTIES OF COLLECTOR.

Each society belonging to the Union shall choose for itself a collector. The collector as an officer of the society shall be paid by the society and is only responsible to the society, which shall regulate all his doings. The Union is not responsible for the mistakes made by the collector. The collector, before beginning his duties, must sign a legal bond, made out for the name of the treasurer of the Union, in the sum of $1,200. The collector shall notify the general secretary of his election, and send to him an affirmation, signed by the management of the society. The collector shall send out all moneys by postal money order, or check, made upon the name of the treasurer of the Union. He shall furnish the general secretary with a complete list of members of his society paying assessments to the mortuary fund, and he also shall notify him of the installment of and the expelling of members.

In case of death of a member, the collector shall within fifteen days send a written notice of it to the general secretary, which notice shall be signed by the president and secretary of the society and the local rector."

The constitution of the St. Adelbert Society has, among others, the following provisions, viz.:

## "ARTICLE IX.

### DUTIES OF FINANCIAL SECRETARY.

Par. 1. It is the duty of the financial secretary to receive dues, contributions, fines and other society incomes, enter the same in a book, and keep such accounts in good order.

Par. 2. All money collected at a meeting shall be by him counted and given to the treasurer upon his signing a receipt.

Par. 3. The financial secretary informs each member

of a quarterly meeting, also of the amount of his indebtedness.

Par. 4. He shall inform the recording secretary and president, after each meeting, of the names of members who have not paid their debts.

### ARTICLE XVII.

##### WITHDRAWAL FROM AND STRIKING NAME OFF FROM SOCIETY."

Paragraphs 1 to 8 not material.

" Par. 9. If any member is in arrears for monthly dues, tickets, special collections of the society, longer than six months, his name is stricken thereby from the roll of membership.

### ARTICLE XXII.

#### DUTIES OF MEMBERS.

Paragraphs 1 to 9 not material.

" Par. 10. Each member is obliged to pay all moneys due each and every month promptly.

Par. 11. Any member unable to pay all amounts due at the end of three months, must make a request in writing to the society, which then may grant him an extension of time in which to pay."

### " ARTICLE XXIV.

#### FUNERAL BENEFITS AND DUTIES."

Par. 1. Omitted.

" Par. 2. Costs of funeral not to exceed $60."

Paragraphs 3, 4, 5 omitted.

" Par. 6. In the event of the death treasury of the Roman Catholic Union collapsing, and in this event alone, the society will pay to the family of a deceased brother $200, and on the death of a wife the husband will receive $100."

There are also provisions for sick benefits to the members under certain conditions.

Warczak died November 6, 1896, and appellee is his widow and beneficiary. The last payment of dues and assessments made by Warczak was on September 13, 1896, which, it is claimed, and is proven, was returned to him. The society paid for him in April and May, 1896. Appellant received no money for his dues after June 16, 1896, at which date, it is claimed, he was suspended from the St. Adelbert Society for non-payment of assessments, but there

is no record shown of any action by the society suspending him. It appears, however, that a vote of the society was taken that he be suspended for non-payment of assessments, but what assessments, does not appear. When dues and assessments were payable by a member does not appear from the abstract. Each branch, or subordinate society, was required to pay to appellant monthly assessments; but, as we have seen, appellant had no transactions with members, but did its business only through the societies to which they belonged. It follows, from this fact, and the further fact that there appears to be no provision in appellant's constitution under which a member forfeits or loses his rights to the mortuary fund, that, in determining the rights of a member of his beneficiary thereto, resort must be had to his relations to the branch or subordinate society.

The appellant union being made up of branch or subordinate societies, the constitution of the St. Adelbert Society, of which Warczak was a member, became a part of his contract of insurance with appellant, in so far, at least, as his rights are based on his membership in the St. Adelbert Society. Bacon on Benefit Soc., Sec. 161 a, and 236; Mas., etc., Ben. Soc. v. Burkhart, 110 Ind. 192; Alexander v. Parker, 144 Ill. 355.

It follows from what has been stated as to the relations of appellant to Warczak and the branch society, and the provisions of appellant's constitution, that appellee made a *prima facie* case, entitling her to a recovery, and it was incumbent on appellant, in order to meet this case, to show that Warczak had, in some way, forfeited his rights under the certificate of insurance, or because of some provision in the constitution of appellant or the St. Adelbert Society. It is not shown that any money was due from Warczak which he did not pay or offer to pay, and, that being the case, any effort by the St. Adelbert Society to forfeit his rights or suspend him was wrongful and of no effect. Until he was in default he could not be suspended or his rights forfeited. It was incumbent on appellant to prove that assessments were made and due, in accordance with the con-

stitution of the branch society before he could be rightfully suspended.   Order of Chosen Friends v. Austerlitz, 75 Ill. App. 74–8, and cases there cited.

No such proof was made.   Moreover, it is uncontroverted that in April and May, 1896, the St. Adelbert Society paid all dues and assessments for Warczak.   Par. 9 of Art. 17 of the society provides only that his name shall be stricken from the roll of membership when a member is in arrears longer than six months.   So that, if there were dues and assessments due for each month after May (which is not shown) Warczak would only have been in arrears, at the time of his death, five months.

We are therefore of opinion that the evidence on behalf of appellant presented no defense, and, instead of submitting the case to the jury, the learned trial judge should have directed a verdict for appellee.   It follows that, if we are correct in this conclusion, there is no reversible error in the refusal of any of appellant's instructions, and the judgment is affirmed.