GEORGE C. RICHMOND, Administrator, *vs.* EDWARD M. JOHNSON, Administrator.

December 2, 1881.

**Mutual-Benefit Association—Interest of Wife in Beneficiary Fund.—** The A. O. U. W. is a mutual-benefit association, incorporated under the laws of this state. By its constitution and by-laws the members are entitled to participate in a beneficiary fund, upon compliance with the terms and requirements of the constitution of the order, "with the right to hold, dispose of, and fully control said benefit at all times." C. H. R. became a member, and a certificate of membership was issued to him, reciting that he "is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the beneficiary fund of the order to the amount of $2,000, which sum shall, at his death, be paid to his wife, Eva K. Richmond." *Held,* that because of the right in the member "to hold, dispose of, and fully control said benefit at all times," his appointment of his wife to receive the benefit was revocable, and until it was revoked she had only an expectancy, dependent on his will and pleasure, which terminated when she died before he did, and did not pass to her representatives.

Appeal by defendant from on order of the district court for Hennepin county, *Vanderburgh,* J., presiding, refusing a new trial. The case is stated in the opinion.

*J. B. Brisbin,* for appellant, cited, Bliss on Life Ins. §§ 317, 320; *Ricker* v. *Charter Oak Life Ins. Co.,* 27 Minn. 193; *Allis* v. *Ware, ante,* p. 166; *Brockhaus* v. *Kemna,* 7 Fed. Rep. 609; *Hodge's Appeal,* 12 Chic. Legal News, 421; *Duvall* v. *Goodson,* 9 Ins. Law Journal, 901; *Gould* v. *Emerson,* 99 Mass. 154; *Hogle* v. *Guardian Life Ins. Co.,* 6 Robt. 567; *Ruppert* v. *Union Mut. Ins. Co.,* 7 Robt. 155; *Kentucky M. M. Life Ins. Co.* v. *Miller's Adm'r,* 13 Bush (Ky.) 489.

*Fred. B. Dodge,* for respondent.

GILFILLAN, C. J. This action was commenced against the Grand Lodge Ancient Order United Workmen of the state of Minnesota. As the association admitted the debt, and as it was claimed, both by the plaintiff as administrator of the estate of Charles H. Richmond, deceased, and the present defendant, as administrator of the estate of

Eva K. Richmond, deceased, this defendant was by interpleader substituted in the place of the original defendant. That defendant paid the debt into court, and left the present parties to contest their respective claims to it. The original defendant is a mutual benefit association, incorporated under the laws of this state. In May, 1878, Charles H. Richmond became, and, until his death, remained, a member of the association, and complied with all the laws, rules and requirements thereof. The complaint alleges, and the answer admits, "that the object of said association, and the rights and privileges of membership therein, are set forth and defined in a constitution and by-laws provided and adopted for its government; that therein is provided a beneficiary fund, and the right and privilege of participation in the same, upon compliance with the terms and requirements of said consitution, with the right to hold, dispose of, and fully control said benefit at all times."

Upon Charles H. Richmond becoming a member, a certificate of membership was issued to him, of which the essential portion is as follows: "That brother C. H. Richmond, a master-workman-degree member of Advance Lodge No. 6, of said order, located at Minneapolis, in the state of Minnesota, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the beneficiary fund of the order to the amount of $2,000, which sum shall, at his death, be paid to his wife, Eva K. Richmond. This certificate is issued upon the express condition that said C. H. Richmond shall in every particular, while a member of said order, comply with all the laws, rules and requirements thereof." Charles H. Richmond had this certificate in his sole possession till his death, and then it passed to his administrator. Eva K. Richmond died before Charles H., leaving a father, but no issue, and defendant is administrator of her estate. Charles H. died in February, 1881, leaving a mother, and brothers and sisters, but no issue, and plaintiff is his administrator. The question in this case is, was the right to participate in the beneficiary fund the property of Eva K., so as, upon her death, to pass to her representatives?

The cases of *Ricker* v. *Charter Oak Life Ins. Co.*, 27 Minn. 193, and *Allis* v. *Ware, ante,* p. 166, are cited as controlling the decision.

The former case was upon an ordinary life-insurance policy procured by a husband upon his own life, and payable on his death to his wife; and, in case she died before he did, to his children, or, if minors, to their guardian, for their use and benefit. The court regarded it as an irrevocable and executed voluntary settlement by the husband upon the wife—and, in case of her death before his, upon his children—of the sum secured to be paid by the policy, vesting the entire interest in them. And the court laid stress on the fact that no right to make any other disposition was reserved to him. It said: "In paying for the insurance, and procuring the policy to be issued, payable in express terms, upon his death, to his said wife, Elizabeth, if then living, and if not, to his children, for their sole use and benefit, without any condition or stipulation reserving a right to change or alter any of the terms of the agreement, he did all that could well be done, under the circumstances, in the execution of an intention to vest in his said appointees the entire interest in the policy and all rights thereunder." The latter case was still stronger in regard to the exclusion of the husband from all right to control the insurance. In both cases, the wife and children were, by the express terms of the policies, the sole beneficiaries of the insurance, without any right to change the beneficiaries reserved to the husband. In that respect those cases are materially different from this. Here is not an ordinary contract of insurance, made between an insurance company and another person, the rights of the parties to be determined exclusively by the policy. The rights of Charles H. Richmond, and of any one claiming through him, depended, not on the certificate only, but rather on his membership in the association; and such rights were defined and controlled by its constitution and by-laws. So far as the provisions of the constitution and by-laws are shown by the admitted statements of the complaint, and by the certificate, the members are the beneficiaries entitled to the benefit of the fund, provided "with the right to hold, dispose of, and fully control said benefit at all times." With this right at all times to hold, dispose of, and control, his mere designation of some person to receive the benefit would be revocable. It would not prevent his subsequently designating some other person to receive it. While, in case of his death without having revoked his

appointment of his wife, she would have been entitled to receive the benefit; yet, during his life, because of the power of revocation, all that she had was a mere expectancy, dependent on his will and pleasure. That expectancy was not property, not estate. The expectancy terminated when she died, and did not pass to her administrator. *Durian* v. *Central Verein,* 7 Daly, 168; *Supreme Council* v. *Priest,* 9 N. W. Rep. 481.

Order affirmed.