The Masonic Mutual Benefit Society of Indiâna *v.* Burkhart.

No. 12,780.

THE MASONIC MUTUAL BENEFIT SOCIETY OF INDIANA
*v.* BURKHART.

LIFE INSURANCE.—*Mutual Benefit Association.*—*Substitution of Beneficiary.*—
A designated beneficiary, in a certificate of membership, issued by a
society organized under the statutes of this State, for charitable pur-
poses, or for the mutual benefit of its members, may be changed, and
another beneficiary substituted under the rules and regulations of the
society.

SAME.—*Certificate of Membership.*—*Interest of Beneficiary Therein.*—A benefi-
ciary named in such certificate acquires no vested right to the benefits
which are to accrue upon the death of a member, until such death occurs,
and the member to whom the certificate is issued may exercise the power
of appointment with only such restrictions as are imposed by the organic
law, or the rules and regulations of such society.

From the Marion Superior Court.

*S. J. Peelle* and *W. L. Taylor,* for appellant.

*S. M. Shepard, C. Martindale, J. F. Applewhite* and *R. A.
Applewhite,* for appellee.

MITCHELL, J.—This suit was brought by Mary Burk-
hart to recover on a certificate of membership issued by the
Masonic Mutual Benefit Society of Indiana, to Michael Burk-
hart.

It appears from the averments in the complaint, that the
society is a domestic corporation, organized under the laws
of this State. It is described as a charitable organization, for
the mutual benefit of its members. A copy of the certificate
is set out in the complaint. The certificate shows that the
benefits to accrue from the membership thereby created were
to be payable to Mary Burkhart, wife of Michael Burkhart,
or to the legal representatives of the latter.

The complaint avers, that on the 21st day of February,
1883, by an arrangement between Michael Burkhart and the
society, the original certificate was cancelled and surrendered
up, and a new certificate taken in its stead. Under the sub-
stituted certificate, the benefits were to become payable to

Michael Burkhart, Jr., a son of Michael Burkhart, the insured.

It is alleged that the cancellation of the original, and the substitution of the new certificate in its stead, were both without the knowledge or consent of the plaintiff. Payment of all dues is alleged, and it is averred that Michael Burkhart died a member of the society. It is further alleged that an assessment according to the terms of the certificate and the rules of the society at the time of the death of Michael Burkhart, would have produced twenty-five hundred dollars, and that that amount was paid over to Michael Burkhart, Jr., on the substituted certificate, without the plaintiff's knowledge or consent. Judgment is demanded for the sum so paid.

The question is, do the facts set forth in the complaint constitute a cause of action?

On behalf of the appellant, it is argued, in effect, that a designated beneficiary in a certificate of membership of a society organized for charitable purposes, or for the mutual benefit of its members, may be changed, subject to the organic law and the regulations of the society, and that, as it appears from the averments in the complaint that a change was actually made by the society and the member to whom the certificate sued on was issued, it must be presumed that the change was made in consonance with the duly adopted rules and regulations of the society, and the law then in force.

That beneficiaries may be changed in cases of policies or certificates of membership issued by societies such as the one here concerned, is settled by the decisions, as well as by statute, in this State. Section 3850, R. S. 1881; *Presbyterian Mut. Ass. Fund* v. *Allen,* 106 Ind. 593, and cases cited; *Gentry* v. *Supreme Lodge, etc.,* 20 Cent. L. J. 393; *Hellenberg* v. *Dist. No. One of I. O. B. B.,* 94 N. Y. 580; *Duvall* v. *Goodson,* 79 Ky. 224; *Eastman* v. *Provident, etc., Ass'n,* 20 Cent. L. J. 266.

In this respect the rules governing policies issued by ordi-nary insurance companies are not controlling, when applied to certificates of membership in an association such as that here involved. By becoming a member of such a society the holder of the certificate acquires the power of appointment, in respect to the fund to be accumulated and paid at his death. Compliance by the member, with the conditions of membership, entitles the beneficiary appointed to receive the benefits provided by the certificate and rules of the society. This power of appointment is to be exercised in conformity with the rules and regulations of the association, and the law under which it has its existence. The rights and liabilities of the members are fixed by such rules and regulations as enter into the constitution of the company, as provisions of its charter and by-laws—such rules as become part of the law governing the association.

In the act of March 2d, 1877, in relation to beneficiary societies, it is provided, among other things, that "All such benefits, claims, or interests, made for the benefit and protection of the wife, child or children, or dependents of parties so insured, or members of such society so organized and incorporated, shall be for the sole use and benefit of the parties named as beneficiaries or payees in the policy or certificate of membership issued by such society." Section 3848, R. S. 1881.

Section 3850 enacts, substantially, that such certificates of membership shall be regarded as a contract between the member and the society, and authorizes the association to change the name of the beneficiary named in such certificate on such terms and conditions as may be agreed to by the parties to the contract.

Upon the enactment of this statute its provisions became part of the charter or constitution of the company. Thenceforth all concerned were bound to take notice that a change in the name of a beneficiary, in a certificate issued by an association such as the appellant, might be made by the asso-

ciation and the member, upon such terms and conditions as might be agreed upon.

The complaint avers that Michael Burkhart procured the society in which he held a certificate of membership, to change the name of the beneficiary from Mary Burkhart to Michael Burkhart, Jr., on the 21st day of February, 1883. Thereupon the certificate sued on was cancelled and surrendered up. This was in strict accord with the power conferred upon the society and the member by the statute above referred to.

The general rule applicable to beneficiary or charitable associations is, that the beneficiary acquires no vested right to the benefits which are to accrue upon the death of a member, until the death of the member occurs.

During his lifetime the member may therefore exercise the power of appointment, without other limits or restrictions except such as are imposed by the organic law, or by the rules and regulations of the society, duly adopted in compliance therewith. *Splawn* v. *Chew*, 60 Texas, 532; *Expressmen's Aid Society* v. *Lewis*, 9 Mo. App. 412; *Ballou* v. *Gile*, 50 Wis. 614; *Dietrich* v. *Madison Relief Association*, 45 Wis. 79; *Richmond* v. *Johnson*, 28 Minn. 447; *Eastman* v. *Provident, etc., Ass'n*, 20 Cent. L. J. 266; *Gentry* v. *Supreme Lodge, etc.*, 20 Cent. L. J. 393.

The essential difference between a certificate of membership in a beneficiary association and an ordinary life policy is, that in the latter the rights of the beneficiary are fixed by the terms of the policy, while in the former they depend upon the certificate and the rights of the member under the constitution and by-laws of the society.

In the one case, the rights of the beneficiary are fixed and vested from the moment the policy takes effect. In the other, they are subject to such changes as the law of the association authorizes the society and the member to make, or rather such as are not either expressly or impliedly forbidden therein. All that a beneficiary has during the lifetime of the member, owing to his right of revocation, is a mere expectancy, de-

pendent upon the will and pleasure of the holder of the certificate. This expectancy is not property. *Durian* v. *Central Verein, etc.,* 7 Daly, 168; *Tennessee Lodge* v. *Ladd,* 5 Lea, 716; *Swift* v. *Railway, etc., Benefit Ass'n,* 96 Ill. 309.

The act of 1877, which became part of the fundamental law of the society, imposed no limit, and impliedly forbade the imposition of any restrictions upon the choice which the member or certificate holder might make, except that the change of beneficiaries should be upon such terms and conditions as the member and the association should agree to.

The complaint avers that a change was agreed upon. It is assumed, however, because the change was agreed to and made without the original appointee's consent, that it did not affect her right to recover. This assumption is erroneous. The law did not require her consent. As she had no vested interest in the fund to be accumulated and paid upon the death of her husband, nothing but a mere expectancy, the law affected certificates issued before it took effect the same as those subsequently issued. Having seen that the law in force at the time the change was made expressly authorized the change to be made, we must presume that the change was made in the manner provided by law, and by the rules and regulations of the society made conformably therewith. *Presbyterian Mut. Ass. Fund* v. *Allen, supra; American Legion of Honor* v. *Perry,* 140 Mass. 580.

If any rule or regulation of the society, which it had the power under the law to adopt, in respect to the terms and conditions of such change, has been violated in making the change, it became necessary for the plaintiff, suing on a changed certificate, to aver and prove the fact.

The demurrer to the complaint should have been sustained.

Judgment reversed, with costs.

HOWK, J., did not participate in the consideration of this case.

Filed Jan. 26, 1887.

ON PETITION FOR A REHEARING.

MITCHELL, J.—In support of the petition for a rehearing it is contended that the right of a member of a charitable association to change the beneficiary designated in his certificate of membership, is derived from the constitution, or the rules and regulations, of the society of which he is a member, and that unless the right to change is reserved in the constitution or by-laws of the society, or in the certificate of membership, such right does not exist.   Hence, it is argued, that because it does not appear in the complaint in this case, that such a right was so reserved, Mrs? Burkhart took a vested interest in the certificate of membership, which was not, and could not be, affected by the act of 1877, referred to in the opinion.

Our conclusion then was, and to that conclusion we still adhere, that unless the constitution or by-laws of the society, either expressly or by necessary implication, denied or restricted the privilege of the association and the member to agree upon a change in the name of the beneficiary, such right existed and could be exercised.   The right to change the contract by the mutual agreement of the parties is not derived from the charter and by-laws, but may be either directly or impliedly limited thereby.   Unless the power to change is thus limited, the beneficiary named in a certificate of membership has no vested interest in the fund prior to the death of the member.   If, at the time the contract of membership involved in the case under consideration was made, the charter or by-laws were such as to prohibit a change in the beneficiary designated in the certificate, then Mrs. Burkhart took a vested interest, and the act of 1877 did not affect her rights, or authorize a change without her consent. If there was no prohibition against a change, in the constitution of the association, then the act referred to had no effect upon the transaction one way or the other.

That act declares that certificates of membership in char-

itable associations shall be regarded as contracts between the members and the association. Such certificates were contracts between the members and the society before precisely as they were after the act. The statute was merely declaratory of what the law was in that respect from the beginning. Prior to the statute, it was competent, however, for a charitable association in its constitution and by-laws to limit or prohibit the right to make changes in the names of beneficiaries after they had once been designated as such. Since the statute went into effect, and became incorporated into the constitution of such societies, no limitation or restriction, repugnant to its terms, can be imposed upon the society and its members by any regulation of the association.

The effect of the statute was simply to take away the power of such associations, by any regulation, to impose restrictions upon the rights of the parties to the contract, or to prevent them from making any changes in respect to beneficiaries which they might afterwards agree upon.

The petition for a rehearing is overruled.

ZOLLARS, J., dissents.

Filed April 7, 1887.