Filed June 22, 1889.

No. 14,495.

MILNER ET AL. *v.* BOWMAN ET AL.

LIFE INSURANCE.—*Benefit Society.*—*Change of Beneficiary.*—*Vested Interest.*— Where a certificate issued by a benefit association is payable to the heirs or legal representatives of the member, such beneficiaries have no vested interest prior to the death of the insured, and the latter may designate another beneficiary at any time during his life.

SAME.—*Assignment of Certificate.*—Where a member of a benefit association has a right to change the beneficiary named in his certificate, and no prescribed mode of making the change is shown, an assignment of the certificate, with directions to the association to pay the proceeds to the assignee, effects a change.

SAME.—*Insurable Interest.*—Every person has an insurable interest in his own life; and if one procures insurance upon himself and pays the premiums, it is immaterial whether or not the beneficiary designated by him, or the assignee of the policy, has an insurable interest in his life.

SAME.—*Vested Interest.*—*Death of Beneficiary*—*Descent.*—Where beneficiaries, having a vested interest in a policy of insurance, die before the insured, who is their sole heir, the latter acquires their interest by in-

heritance, subject only to the claims of the beneficiaries' creditors, and may assign the same.

SAME.—*Assignment by Insured.*—*Insolvency.*—The fact that an insured is insolvent at the time of his death, does not affect the validity of an assignment of the policy made by him at a time when he was solvent.

From the Marion Circuit Court.

*T. Hanna,* for appellants.

*A. Baker, E. Daniels, D. M. Bradbury, S. J. Peelle* and *E. Marshall,* for appellees.

OLDS, J.—Sylvanus Milner, an unmarried man, was a master mason, and, on the 16th day of November, 1872, he became a member of the Masonic Mutual Benefit Society of Indiana, a corporation organized for charitable purposes. The object of the corporation, as stated in its articles of incorporation, is " to give financial aid and benefit to the widows and orphans and dependents of deceased members."

The association issued to the said Sylvanus a certificate of membership, under its corporate seal, and signed by its officers. The certificate is payable " to the heirs of the said Sylvanus Milner, or the legal representatives of the said Sylvanus Milner." At the date of the issuing of the certificate, the mother and brother of Sylvanus were living, and were at that time his only heirs at law. At that date his mother lived with him, and continued to live with him until her death, in 1876, and was dependent upon him for her maintenance, and he supported her during all of that time. The brother died intestate, a resident of Indiana, in 1876, without issue or descendant, leaving no widow, and leaving as his only heirs at law his mother and brother Sylvanus, the assured. His estate has been fully settled, and all of his debts have been paid. Afterwards, in the same year, his mother died intestate, a resident of Indiana, leaving no husband and no children or descendant except Sylvanus, the person whose life was insured by this certificate, her only heir at law. Her estate has been fully settled and all her

debts have been paid. In 1877, after the death of his mother, Sylvanus Milner, by an endorsement thereon signed by him, directed the association to pay the proceeds of said certificate to the plaintiff, Clara J. Bowman. Milner paid all dues and assessments up to his death, keeping in force the membership and insurance. He died in 1885.

The plaintiff, Clara J. Bowman, brought this suit against the association, counting in her complaint on the certificate of insurance and the assignment and order endorsed thereon by Milner transferring it to her.

The association answered, admitting its liability in the sum of $2,500, interpleading Rufus F. Larkin, the administrator of Milner, and Jesse Milner and others, the heirs at law of Sylvanus Milner, and paying the money into court. The amount was conceded to be correct, and the association was discharged by a proper decree of the circuit court.

The persons interpleaded all appeared, and the controversy proceeded between the plaintiff, Bowman, the heirs of Milner, and his administrator. Trial was had, resulting in a judgment and decree in favor of the administrator for the whole of the fund—the proceeds of the certificate. The heirs of Sylvanus Milner appeal, and by agreement between all the parties the cause is to be treated as if Clara J. Bowman had also appealed and filed a duplicate transcript, and no question is to be raised as to any informality in the manner of the appeal.

The question presented on this appeal is, which of the three claimants, as among themselves, has the better right to the proceeds of the certificate of insurance?

The plaintiff's complaint is in three paragraphs. Larkin, administrator, filed an answer and cross-complaint against plaintiff and Milner's heirs. Jesse Milner and others filed a demurrer to each paragraph of the complaint, which was sustained, and exceptions. Jesse Milner and others, heirs of Sylvanus Milner, demurred to the answer and cross-complaint of Larkin, administrator, and it was overruled, and excep-

tions. Jesse Milner and others, heirs of Sylvanus Milner, filed a verified cross-complaint against the plaintiff, Bowman, and Larkin, administrator, in two paragraphs. Larkin, administrator, filed a demurrer to each paragraph of complaint, which was sustained, and exceptions. Larkin, administrator, demurred to each paragraph of the cross-complaint of Jesse Milner and others, and it was sustained, and exceptions.

Jesse Milner and others filed an answer in three paragraphs to Larkin's cross-complaint, and Larkin demurred to the second and third paragraphs of the answer of Jesse Milner and others, which was sustained, and exceptions. Plaintiff, Bowman, demurred to each paragraph of the cross-complaint of Jesse Milner and others, and it was sustained, and exceptions. Plaintiff demurred to the cross-complaint of Larkin, administrator, which was overruled, and exceptions. Plaintiff, Bowman, filed an answer in general denial to Larkin's cross-complaint. Plaintiff, Bowman, refused to amend, and elected to stand by her complaint, and Jesse Milner and others, heirs of Sylvanus Milner, also refused to amend their cross-complaint.

The various rulings of the court, as stated, are each assigned as error. We do not deem it necessary to set out a synopsis of the pleadings in the case, as they are in the usual form, and no question is presented as to the particular allegations of them. As the association has waived all question as to its liability, and paid the money into court, it is unnecessary to determine any question as to its liability on the policy or the validity of the assignment as to the association.

Section 3850, R. S. 1881, provides that "All certificates of membership, policies, or other evidences of interest in any masonic, odd-fellow, or other benevolent or charitable association, society, or incorporation, named in section 1 of this act (section 3848), shall be regarded as a contract between the person whose life is insured by such certificate of membership, policy, or other evidence of interest, and the association, society, or incorporation of which he is a mem-

ber ; and it shall be lawful for such association, society, or incorporation to change the name or names of the payee or payees, beneficiary or beneficiaries named in such certificate of membership, policy, or other evidence of interest, on such terms and conditions as the parties to the contract may agree to." Section 1 of the act (section 3848, R. S. 1881) relates to the same associations, and exempts such benefits from all claims of creditors.

In the case of *Masonic Mut. Ben. Soc.,* etc., v. *Burkhart,* 110 Ind. 189, it is said : " The general rule applicable to beneficiary or charitable associations is, that the beneficiary acquires no vested right to the benefits which are to accrue upon the death of a member, until the death of the member occurs."

In that case the member procured the cancellation of the original certificate, in which his wife was designated as the beneficiary, and procured the issuance of a new certificate, in which his son was designated as the beneficiary, without the knowledge or consent of his wife, the beneficiary in the original certificate, and on his death payment was made to the son, and it was held proper, and that the wife had no interest in the certificate. The authorities are collected in that case, fully supporting the conclusion of the court.

It does not appear in this case that the association in any way prohibited the changing of beneficiaries, or that it had any prescribed mode by which the change should be made. It follows, therefore, that the member had the right to change the beneficiary with the consent of the association. The member did change the beneficiary, by an assignment of the policy and directing the association to pay the same to the plaintiff, and she brings suit upon it. The association does not question this mode of making the change, or object to it, or refuse to pay the policy ; but when sued, other persons are claiming the fund, and it interpleads, and pays the money into court.

A policy of insurance may be assigned by the beneficiary

or owner, and, when the beneficiary has no vested interest, it may be assigned by the member of the association. *Swift* v. *Railway, etc., Mut. Aid and Ben. Ass'n,* 96 Ill. 309; *Harley* v. *Heist,* 86 Ind. 196; *Lamont* v. *Hotel Men's Mut. Ben. Ass'n,* 30 Fed. Rep. 817.

In *Grand Lodge A. O. U. W.* v. *Child,* 38 N. W. Rep. 1, it was held that the member might change the beneficiary though the change was made against the refusal of the association, and not in conformity with the prescribed mode adopted by the association. *Knights of Honor* v. *Watson,* 64 N. H. 517; *Martin* v. *Stubbings* (Ill.), 18 N. E. Rep. 657.

We think the assignment operated as a change of the beneficiary, and made the plaintiff the beneficiary of the certificate; but, on the theory that the policy named a beneficiary, and the person or persons so named took a vested interest, it named the heirs of the insured, who were his mother and brother, and he inherited the interest they had, if any, before he made the assignment, and he had the right to assign such interest. *Harley* v. *Heist, supra.* It is contended that the doctrine held in the case of *Harley* v. *Heist, supra,* would entitle the administrator of Milner to the funds, but in this counsel are in error. In that case it was an ordinary life policy, in which the rights of the beneficiary were fixed, and it was the administrator of the beneficiary who recovered the funds, the beneficiary having died previous to the death of the insured without having assigned the policy. The insured, after the death of the beneficiary, assigned the policy, and it was held that the assignment passed the interest the insured inherited from the beneficiary, but it was subject to the payment of her debts, and her administrator was entitled to the money upon the policy.

If the mother and brother of Sylvanus Milner could be said to be beneficiaries with a vested interest, which descended to Sylvanus at their deaths, subject to the right of their administrators to collect the whole, it is shown that their estates are settled and their debts all paid; but in the

certificate in this case the beneficiaries had no interest, and the insured had the right to change the beneficiary and designate another at any time during his life.

It is further contended that the plaintiff had no insurable interest in the life of the member, Milner, and therefore she derived no title by the assignment, and can not recover on the policy.

In this case the insured was the real contracting party, and paid all the premiums up to the date of his death, and every person has an insurable interest in his own life. When the person himself, in good faith, makes the contract, procures the insurance on his own life, and pays the premiums, it is immaterial whether the beneficiary designated by him, or the assignee of the policy, has any insurable interest in the life of the insured or not. This doctrine is settled by this court, and is in accordance with the decided weight of authority. *Amick* v. *Butler*, 111 Ind. 578 ; *Hutson* v. *Merrifield*, 51 Ind. 24 ; *Provident, etc., Co.* v. *Baum*, 29 Ind. 236 ; *Burton* v. *Connecticut Mut. Life Ins. Co., ante,* p. 207 ; *St. John* v. *American Mut. Life Ins. Co.,* 3 N. Y. 31 (64 Am. Dec. 529). See note to *Morrell* v. *Trenton Ins. Co.,* 57 Am. Dec. 92, 103, where the question is discussed and authorities are collected. *Clark* v. *Allen,* 11 R. I. 439 (23 Am. Rep. 496).

The cross-complaint of Larkin, administrator, alleges, in addition to the fact that the plaintiff had no insurable interest in the life of the insured, that Milner, the insured, was insolvent at the time of his death. This is a mere conclusion. If it was properly pleaded it would not affect the assignment, as it does not appear but that he was perfectly solvent at the time he made the assignment. It is contended by the appellants, the heirs of said Milner, that the words "heirs" and "legal representatives" of the insured should be held to mean the next of kin, and that the policy was payable at the death of Milner to his next of kin, the appellants. What we have heretofore said disposes of this question. The beneficiary took no vested interest during the

lifetime of the member, and the member had the right to change the beneficiary, which he did by the assignment, and designated the plaintiff, Clara J. Bowman, as the person to whom the amount due on the certificate should be paid.

It follows from the conclusion we have reached that the court erred in sustaining the demurrers of Jesse Milner and others, the heirs of Sylvanus Milner, to each paragraph of the plaintiff's complaint, in sustaining the demurrers of Larkin, administrator, to each paragraph of the plaintiff's complaint, and in overruling the demurrer of the plaintiff, Bowman, to the cross-complaint of Larkin, administrator.

Judgment reversed, at costs of appellee Larkin, administrator, with instructions to the court below to proceed in accordance with this opinion.

