## BUNYAN, ADMINISTRATRIX, ET AL. *v.* REED ET AL.

[No. 4,905. Filed May 11, 1904. Rehearing denied October 14, 1904. Transfer denied December 14, 1904.]

1. INSURANCE. — *Mutual Benefit Certificate.* — *Beneficiary.* — *Vested Interest.*—A beneficiary in a mutual benefit certificate acquires no vested interest in such certificate until the death of the assured, and such assured may without such beneficiary's consent make a new appointment unless forbidden by the organic law or rules and regulations of the association.  p. 300.

2. SAME. — *Mutual Benefit Certificate.* — *Laws of Association.* — The assured, in a mutual benefit association takes a certificate subject to the reasonable rules, by-laws and regulations of the association issuing it, such regulations forming a part of the contract.  p. 303.

3. SAME.—*Mutual Life.*—*Beneficiaries.*—*Creditors.*—*Death of Creditor Beneficiary Before Assured.*—Where the assured had a benefit certificate made payable $3,000 to a brother to secure such brother for money due such brother from assured, and $1,000 each to assured's two sisters, and such brother predeceased the assured, and the by-laws of the insurer association provided that upon the death of a beneficiary, the benefit should be paid to the surviving beneficiary or beneficiaries, each sharing pro rata, unless otherwise provided in the benefit certificate, such two sisters were entitled to the full benefit, and such brother's administrator was not entitled to any part thereof.  p. 303.

From Noble Circuit Court; *Joseph W. Adair,* Judge.

Action by Rebecca B. Bunyan as administratrix of the estate of James R. Bunyan, deceased, against Catherine E. Reed and others. From a judgment for plaintiff, she and others appeal. Defendants Reed and another assign cross-errors. *Reversed.*

*Luke H. Wrigley, Thos. R. Marshall, Wm. F. McNagny, P. H. Clugston* and *Robert W. McBride,* for appellants.

*R. P. Barr, E. K. Strong* and *A. A. Chapin,* for appellees.

Henley, C. J.—The appellant Rebecca B. Bunyan, as administratrix of the estate of her deceased husband, James R. Bunyan, commenced this action against the National Union, an incorporated, fraternal beneficiary association organized under the laws of the state of Ohio, and Catherine E. Reed, Helen M. Ostrander, George B. Bunyan, Walter W. Bunyan, James R. Bunyan, Jr., and George B. Bunyan as executor of the will of William Bunyan, deceased.

The purpose of the action was to enforce a claim upon a benefit fund of $3,000, which was promised to be paid to her said husband as beneficiary under the benefit certificate issued by the said National Union upon the life of William Bunyan, who was a brother of the said James R. Bunyan, deceased. Aside from the National Union, the other defendants were made parties to answer as to their interests, if any, in the said fund of $3,000. The National Union, by a proper pleading, admitted its liability to pay the sum of $3,000, but showed that conflicting claims were being made by other parties to the suit with reference to said fund, and that it could not with safety to itself pay the fund to either of the claimants, and asked to be allowed to pay the $3,000 into court, and be discharged from further liability on account thereof, and leave to the court the matter of determining to whom the money should be distributed. Afterward, and before the trial of the cause, the said National Union paid the full $3,000 into court, and was discharged from further liability. The defendants, other than Reed and Ostrander, filed a cross-complaint, setting up their claim to the fund in dispute, and the defendants Reed and Ostrander also filed a cross-complaint, setting up their claim to the fund. The demurrer filed by appellees Reed and Ostrander to each paragraph of appellants' complaint was overruled. The cross-complaint of appellees Reed and Ostrander was held insufficient. Various answers were filed by which the issues were closed, and the cause was sub-

mitted for trial to the court, with the request for a special finding of facts.

We do not think it necessary to make any further statement here of the issues, because we are convinced that the judgment of the trial court must be reversed upon the cross-errors assigned by appellees Reed and Ostrander. We regard each paragraph of appellants' complaint as wholly insufficient for the relief demanded, and as showing upon its face that the fund in question legally belongs with the appellees Reed and Ostrander. The two paragraphs of complaint are not materially different. They aver that the National Union is a fraternal, beneficiary association incorporated under the laws of the state of Ohio in 1881, and engaged in the business of insuring the lives of its members by issuing to them benefit certificates, promising to pay death benefits to be realized from assessments upon the members; that prior to February 20, 1886, a subordinate council, called "Kendallville Council, No. 192," was established at Kendallville, Noble county, Indiana, which council is still in existence, and that agencies of this character are the means by which the said National Union transacts its business; that one William Bunyan, prior to February 20, 1886, became a member of said Kendallville council and of the National Union, and at his death was a member thereof in good standing; that on said last-mentioned date the National Union executed to William Bunyan a benefit certificate for $5,000, payable to his wife, Cornelia Bunyan, as beneficiary, which certificate remained in force until February 23, 1901. Cornelia Bunyan died December 21, 1900, and the said William Bunyan thereafter until his death remained unmarried, childless, and having no living parents; that it was one of the laws of said National Union that members might, at any time, surrender their benefit certificates, and cause new ones to be issued payable to different beneficiaries than those origin-

ally named; that for more than thirty years prior to February 23, 1901, William Bunyan and his brother James R. Bunyan, Sr., appellant Rebecca B. Bunyan's decedent, were engaged as partners under the firm name of W. & J. R. Bunyan, in conducting a drug store at Kendallville; that prior to said February 23, the said William Bunyan was, and acknowledged himself to be, indebted to James R. Bunyan in the sum of $3,000, and for such indebtedness the said William desired to give security; that after the death of the said Cornelia Bunyan, and prior to February 23, 1901, it was agreed between the brothers that, to secure to James R. Bunyan the payment of said indebtedness, William should surrender his existing certificate in the National Union, and have issued to him a new certificate, in which James R. should be named as beneficiary in the sum of $3,000, and that the promise of the said National Union in such certificate to pay to said James R. the $3,000 should be the security to him for the payment of said indebtedness; that in pursuance of this agreement the said William, complying in all respects with the laws of said National Union, did, on February 23, 1901, surrender his existing certificate, and the National Union executed to him a new certificate for $5,000, in which the beneficiaries and the amount to be paid each of them was as follows: "The National Union hereby promises and agrees to pay out of the benefit fund to James R. Bunyan, brother, $3,000; Catherine E. Reed, sister, $1,000, and Helen M. Ostrander, sister, $1,000, $5,000." This new and substituted certificate was properly executed and delivered to William Bunyan, to retain possession of the same until his death.

It is further averred that in July, 1901, James R. sold and conveyed to William his interest in the firm property and business, and in connection with such sale there was had between the partners a settlement of the partnership affairs; that no part of the $3,000 indebtedness, and

none of the matters and transactions had in which the same arose, were included in the settlement; or adjusted or settled therein, but the same was purposely omitted and excluded therefrom, both parties relying upon the faith of the arrangement previously made in said benefit certificate for the payment of said $3,000 debt; that both William Bunyan and James R. Bunyan performed each and every condition in said substituted certificate to be by them performed; that James R. Bunyan died in Noble county, Indiana, intestate, August 26, 1901, leaving as his only heirs at law his widow, the appellant Rebecca B. Bunyan, and his three sons, George B. Bunyan, Walter W. Bunyan and James R. Bunyan, Jr.; that afterward, to wit, August 31, 1902, William Bunyan, the holder of the benefit certificate issued by said National Union, died, leaving as his only heirs at law, his two sisters, the appellees Reed and Ostrander, and his three nephews, the sons of James R. Bunyan, heretofore named as such; that among the laws of the said National Union in force when the benefit certificate was issued to William Bunyan, and ever since in force, are the following, known as sections six and seven of law thirty-eight of said National Union: "Section Six. In the event of the death of one or more of the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made in accordance with the laws of the order by the member in case of death the benefit shall be paid in full to the surviving beneficiary or beneficiaries, each sharing pro rata, unless otherwise provided in the benefit certificate. Section Seven. In the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made, the benefit shall be paid to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit, by the laws of the order it shall revert to the benefit fund."

It is further averred that the appellees Reed and Os-

trander, and each of them, claim that as surviving benefi-
ciaries they are entitled to the whole of said benefit of $3,-
000, to the exclusion of the appellant; and that each of said
appellees Reed and Ostrander claim that as the heir of Will-
iam Bunyan, she is entitled to and has rights and interests
in said fund superior to any right of appellant therein;
that the appellants George B., Walter W. and James R.
Bunyan, and each of them, claim some interest in said fund
as heirs of William Bunyan. The prayer of the complaint
is that the indebtedness of $3,000 alleged to exist against
William Bunyan and in favor of the estate of James R.
Bunyan, deceased, be declared to be a lien upon the fund in
question, and that it be ordered paid to the appellant as ad-
ministratrix of the estate of James R. Bunyan, deceased.
The benefit to be paid by the beneficiary certificate issued
to William Bunyan was $5,000, and by his said certificate
three beneficiaries were named. The division of the $5,000
into three sums payable to different persons and in different
amounts did not in any way sever the certificate. It was
one benefit and one benefit certificate for $5,000.

1.    The object of this action is to hold the $3,000, not as
the property and in behalf of a beneficiary who could have
been legally designated as such by the act under which the
National Union was incorporated or by its rules and by-laws,
but to recover it as a creditor who obtained a vested interest
in so much of the fund as would secure his debt, and who
was as such creditor designated a beneficiary. It appears
upon the face of the complaint that James R. Bunyan,
named as beneficiary to the amount of $3,000, died prior
to the death of the insured. It is a settled rule of law in
this State, supported by the great weight of authority, that
a beneficiary acquires no vested right to the benefits that are
to accrue to him upon the death of a member of a mutual
benefit association until such death occurs, and that the
member may exercise the power of appointment without the
consent of such beneficiary, and without any restriction

other than such as may be imposed by organic law or the rules and regulations of the association. *Masonic, etc., Soc.* v. *Burkhart* (1886), 110 Ind. 189; *Milner* v. *Bowman* (1889), 119 Ind. 448, 5 L. R. A. 95; *Appeal of Beatty* (1888), 122 Pa. St. 428, 15 Atl. 861; *Beatty* v. *Supreme Commandery, etc.* (1893), 154 Pa. St. 484, 25 Atl. 644; *Lamont* v. *Grand Lodge, etc.* (1887), 31 Fed. 177; *Knights of Honor* v. *Watson* (1888), 64 N. H. 517, 15 Atl. 125; *Metropolitan Life Ins. Co.* v. *O'Brien* (1892), 92 Mich. 584, 52 N. W. 1012; *Sabin* v. *Phinney* (1892), 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. 681; *Eastman* v. *Provident, etc., Assn.* (1883), 62 N. H. 555, 20 Cent. L. J. 266; *Richmond* v. *Johnson* (1881), 28 Minn. 447, 10 N. W. 596; *Gambs* v. *Covenant Mut. Life Ins. Co.* (1872), 50 Mo. 44; *Kerman* v. *Howard* (1868), 23 Wis. 108; *Splawn* v. *Chew* (1883), 60 Tex. 532; *Ballou* v. *Gile* (1880), 50 Wis. 614, 7 N. W. 561; May, Insurance (4th ed.), §392.

In *Richmond* v. *Johnson, supra,* Charles H. Richmond was the holder of a benefit certificate in which his wife was named as the beneficiary. She died shortly before her husband. Upon the death of the husband the question arose as to whether the money due under the certificate should be paid to the administrator of the deceased wife, or be distributed under the rules and regulations of the association. The court said: "Here is not an ordinary contract of insurance, made between an insurance company and another person, the rights of the parties to be determined exclusively by the policy. The rights of Charles H. Richmond, and of anyone claiming through him, depended, not on the certificate only, but rather on his membership in the association; and such rights were defined and controlled by its constitution and by-laws. So far as the provisions of the constitution and by-laws are shown by the admitted statements of the complaint, and by the certificate, the members are the beneficiaries entitled to the benefit of the fund, provided 'with the right to hold, dispose of, and fully control said

benefit at all times.' With this right at all times to hold, dispose of, and control, his mere designation of some person to receive the benefit would be revocable. It would not prevent his subsequently designating some other person to receive it. While, in case of his death without having revoked his appointment of his wife, she would have been entitled to receive the benefit; yet, during his life, because of the power of revocation, all that she had was a mere expectancy, dependent on his will and pleasure. That expectancy was not property, not estate. The expectancy terminated when she died, and did not pass to her administrator."

The supreme court of Texas in *Splawn* v. *Chew, supra,* in holding that a beneficiary took no vested interest in a benefit certificate of the kind we are here considering, said: "Every one insured by reason of membership in such a company is charged with a knowledge of its constitution and by-laws, bound by their requirements and entitled to the rights and privileges conferred by them. May, Insurance, §552; *Cales* v. *Insurance Co.* [1865], 18 Iowa 425. The present order did not issue policies as do ordinary insurance companies, but delivered to the insured a benefit certificate, which, together with the positive regulations of the order, evidenced the contract between the member and the company so far as the insurance was concerned. * * * The provision of Article III, §2, of its by-laws is as follows: 'Applicants shall enter upon their application the name or names of the members of their family or those dependent upon them, to whom they desire their benefit paid, and the same shall be entered in the benefit certificate by the supreme secretary, subject to such future disposal of the benefit among their dependents as they thereafter direct.' The clear import of the section is to place the certificate entirely under control of the member, so far as the selection of the beneficiaries is concerned. He may direct at any time that the money shall be paid to persons different from those named or contemplated in the certificate, provided they are

persons dependent upon him. ˙ So far from vesting an irrevocable right in the original beneficiaries, it vests no right whatever which the insured can not by the very terms of the contract revoke and annul. They have no perfect or vested right in the certificate, until the insured dies without diverting its benefits in favor of other dependents; and he alone is the one who is to determine which of these dependents are to be entitled to the insurance money. Hence all the rules of law for the construction of ordinary policies, so far as they refer to the indefeasible rights of beneficiaries, accruing previously to the death of the insured, have no application to this case, being contrary to the express provisions of the contract."

2.   The holder of a benefit certificate takes it subject to, and with notice of, all the reasonable rules, by-laws and regulations of the association issuing it. It is a contract between the holder and the association, restricted only by the rules and regulations of the association and the law under which it was organized. *Masonic, etc., Soc.* v. *Burkhart, supra.*

3.   The very contingency which has here happened is completely provided for by section six of law thirty-eight of the association which issued the benefit certificate to William Bunyan. James R. Bunyan, a beneficiary to the extent of $3,000, in a benefit certificate calling for $5,000, in which two other beneficiaries were named for $1,000 each, died before the death of the insured. Under the plain terms of the rule governing this contract, which appears in the complaint, the $3,000 should be paid "to the surviving beneficiary or beneficiaries, each sharing pro rata." James Bunyan had no vested interest in the funds to be paid upon the death of his brother unless he survived him. He had nothing but a mere expectancy, which by the very terms of the benefit certificate under which his personal representative is claiming would be defeated by his death prior to the death of his brother. *Masonic, etc., Soc.* v. *Burkhart, supra.*

The benefit certificate declares upon its face that it is subject to the laws of the association. We think we have fully shown that under the decisions of our Supreme Court these rules must govern. It thus appears upon the face of the complaint that neither James R. Bunyan nor his heirs acquired any interest in the fund arising from the benefit certificate held by William Bunyan, the said James R. Bunyan having died prior to the death of William.

The judgment is reversed upon the cross-errors assigned by appellees Reed and Ostrander with instruction to the trial court to sustain the demurrer of appellees Reed and Ostrander to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.